PEARSON, Judge.
The defendant appeals a final judgment entered pursuant to a default for failure to plead to a second amended complaint. The controlling question is whether the default was lawfully entered. We find that the default was improperly entered and the cause is remanded for further proceedings.
A skeletal chronology of the pleadings is necessary: (1) 1st amended complaint 3/26/57, (2) answer 4/17/57, (3) 2nd amended complaint 4/26/57, (4) motion to dismiss 2nd amended complaint 5/21/57, (5) order denying motion to dismiss 6/7/57, (6) plaintiff’s motion for entry of default 6/19/57, (7) order entering default 6/20/57, (8) final judgment. Following the final judgment the trial court upon motion set aside the default and judgment, but later vacated this latter order.
It is well established that the object of the Florida Rules of Civil Procedure is to secure the just, speedy and inexpensive determination of every action. See Rule A, Scope and Title of Rules, 1954 Rules of Civil Procedure, 30 F.S.A. To that end the trial judge may enter a default where authorized. See Rule 2.9(a) 1954 Rules of Civil Procedure, 31 F.S.A.; Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9; Pan Am. World Airways, Inc. v. Gregory, Fla.App.1957, 96 So.2d 669. The trial judge may also set aside the default and such act rests in the sound discretion of the court. Coggin v. Barfield, supra; Perrin v. Enos, Fla.1951, 56 So.2d 920. It readily appears that the basis for the entry *189 of the default against the defendant in this case was his failure to plead to the second amended complaint within 10 days after his motion to dismiss was denied as required by Rule 1.11(a), 1954 Rules of Civil Procedure, 30 F.S.A.
The trial judge failed to take into account defendant’s answer which was on file at the time of the entry of the default. This answer was filed in response to the 1st amended complaint and it will be noted that the 2nd amended complaint was voluntarily filed after answer to the 1st amended complaint. (After the filing of the 2nd amended complaint, an order was secured from the court accepting it as filed and granting 20 days in which to answer). The 2nd amended complaint reworded the claim and added a second count “for money had and received”. Under these circumstances the denial in the filed answer of the factual basis set forth in the 1st amended complaint was responsive to the same claim as reworded. Therefore the answer was sufficient to prevent a default for failure to answer.
The rule that an answer may stand over to an amended complaint was recognized in Florida before the present rules were adopted. Butler v. Thompson, 2 Fla. 9; Jordan v. John Ryan Co., 35 Fla. 259, 17 So. 73, 75. This rule is generally recognized. See cases collected at: 41 Am.Jur., Pleading § 312; 71 C.J.S. Pleading § 314 c. It appears to be in keeping with the spirit and purpose of the 1954 Rules of Civil Procedure, and we find nothing in said rules which changes it.
We therefore hold that the default was improperly entered on the 13th day after the denial of defendant’s motion to dismiss. The judgment is reversed and the cause remanded for further proceedings.
Reversed.
CARROLL, CHAS., C. J., and HORTON, J., concur.