196 So.2d 186 (1967)
Ida Pioanetti ORTIZ, Appellant,
v.
Nicholas NICOLAIDES and Sofia Nicolaides, His Wife, and United States Fidelity & Guaranty Company, Appellees.
Nos. 66-419, 66-654.
District Court of Appeal of Florida. Third District.
March 7, 1967.
Dean, Adams, George & Wood, and Jeanne Heyward, Miami, for appellant.
Manners & Amoon, Jerry V. Wilkey, Gino P. Negretti, Miami, for appellees.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
These appeals seek review of a final judgment rendered on a jury verdict in favor of the appellee, Sofia Nicolaides, for $1,000.00 and in favor of the remaining appellees in the sum of $18,500.00.
The principal question to be determined is whether the trial court was correct in entering a default judgment in favor of the plaintiff-appellee, Sofia Nicolaides, upon the amended complaint in this cause wherein she was first made a party, and in not permitting the original answer of the defendant-appellant to stand over. Further, that the trial court committed error in entering a default against the defendant as to the remaining plaintiffs-appellees at the time of trial for failure of her counsel to appear.
The initial complaint in this cause was brought by United States Fidelity & Guaranty Company and Nicholas E. Nicolaides sounding in negligence against the appellant-defendant. Answer to this *187 complaint was filed. This complaint was subsequently amended by adding a claim on behalf of the appellee, Sofia Nicolaides, arising out of the same accident. No further answer was tendered by the defendant and the trial court entered a default on Sofia's claim because of this failure, but reserved the amount of damages to be determined by a jury. We find error in the entry of this default. As the amended complaint contained the same allegations relative to the alleged cause of action as the original complaint, the original answer should have been permitted to stand over. See: Rule 1.15(a), Florida Rules of Civil Procedure, 1965 Rev., 30 F.S.A. See also: Craver v. Ramagli Realty Co., Fla.App. 1959, 109 So.2d 187, Reversed on other grounds, Fla., 121 So.2d 648.
At the time the cause came on for trial, both counsel for the plaintiffs and the defendant announced they were ready to proceed. The trial court indicated that the matter would not be reached on the date it was originally called for, but would be reached later on in the week. Counsel for the defendant indicated his availability to proceed with the trial later on in the week, and the matter duly came on for trial on Thursday, January 27, 1966, after first having been called for Monday, January 24, 1966. Upon the cause being called for trial, neither the defendant nor her counsel appeared and, at this time, the trial court entered a default against the defendant on the complaint of the plaintiffs, Nicholas Nicolaides and United States Fidelity & Guaranty Company, as to liability, leaving for the jury's determination solely the amount of damages on both the claims of these plaintiffs and on the claim of the plaintiff, Sofia Nicolaides.
We find that the trial court abused its discretion in entering this default at the commencement of the trial. He undoubtedly had the right to proceed with the trial, which had been duly noticed, upon the failure of the defendant or her counsel to appear. See: Flournoy v. Munson Bros. Co., 51 Fla. 198, 41 So. 398; W.T. Hadlow v. Sargent, 61 Fla. 236, 54 So. 1003; American Tie & Timber Co. v. Washington, 62 Fla. 117, 57 So. 201; Wilhelm v. South Indian River Company, 98 Fla. 970, 124 So. 729. He was not required to continue the matter; and if counsel was derelict in attending to his client's cause he would be liable to her for such. See: Weekley v. Knight, 116 Fla. 721, 156 So. 625; Solomon v. Meyer, Fla.App. 1959, 116 So.2d 37; 3 Fla.Jur., Attorneys at Law, § 45.
Therefore, for the reasons stated above, the final judgment here under review is hereby reversed and the defaults upon which it was based are hereby set aside; and this cause is hereby remanded to the trial court with directions to grant the defendant a new trial on the issues made by the complaint, the complaint as amended, and the answer of the defendant, permitting further amendments if the parties should so apply within the discretion of the trial court.
Reversed and remanded, with directions.