PER CURIAM.
This is an interlocutory appeal by the defendant below from a post judgment order denying a motion filed under Rule 1.540(b) FRCP, 31 F.S.A., for relief from an adverse foreclosure judgment.
The appellant Riley had given to the ap-pellee Gustinger, his attorney, a note for $2,500 with a mortgage on certain real estate to secure payment of fees which should become due to the attorney. Riley was the defendant in an action for malicious prosecution, in which Gustinger was his attorney of record. In that action Gustinger voluntarily withdrew as attorney, prior to trial while the cause was in the discovery stage. Over objection of Riley the trial court, in a summary proceeding in that case, undertook to determine an amount to be allowed to Gustinger as a fee for his services therein to the time of his withdrawal. The court fixed such fee at $1,600 and entered judgment therefor against Riley. That judgment was appealed to this court by Riley. We reversed the fee judgment, holding the attorney’s claim for such fee was a matter to be prosecuted in a separate action by him against the client. Riley v. Gustinger, Fla.App. 1970, 235 So.2d 364.
Prior to this court’s reversal of the fee judgment which occurred on May 12, 1970, Gustinger had filed suit to foreclose the *584 mortgage above referred to, and had obtained a foreclosure judgment against Riley on January 27, 1970, for $2,350 principal, and for interest and costs, making the aggregate of the foreclosure judgment $2,-539.38. The property was sold on foreclosure and bought in by Gustinger. After the time for filing a motion for rehearing had expired, Riley filed such a motion and it was denied. Riley then filed an untimely appeal from the foreclosure judgment and appealed from the order denying the motion for rehearing. While that appeal from the foreclosure judgment was pending, and after and because of this court’s reversal of the earlier $1,600 fee judgment, Riley moved for relief from the foreclosure judgment, based on ground “(5)” of subsection (b) of Rule 1.540 FRCP, asserting the foreclosure judgment was based on the prior fee judgment of $1,-600 which had been reversed. The trial judge granted the motion for relief, by an order which set aside the foreclosure sale, restored the title of the property to Riley, eliminated the $1,600 from the judgment but found (without granting judgment therefor) that Riley was indebted to Gustinger for $750, with interest and costs.
Thereafter Gustinger moved the court to vacate the last described order on the ground that the court had been without jurisdiction to make the order while an appeal from the foreclosure judgment was pending. For the reason stated in the motion the trial court set aside the relief order. Thereafter this court rejected the appeal from the foreclosure judgment (because of its infirmity as outlined above). Riley v. Gustinger, Fla.App.1971, 243 So.2d 163. Riley then refiled hi's motion for relief from the foreclosure judgment on the ground upon which the prior such motion was based, and on an added ground of newly discovered evidence of alteration of the note and mortgage. At the time of the hearing on that motion the circuit judge who earlier had entered the order granting relief against the foreclosure judgment had resigned from the court. The new motion for relief came on for hearing before a successor circuit judge, who denied the motion in an order which did not state the ground or reasons for not adhering to or reinstating the relief order which had been entered by the prior judge.
It is apparent that the first judge who considered the motion for relief had concluded that the foreclosure judgment was predicated to the extent of $1,600 on the prior (reversed) fee judgment for that amount. It is also reasonable to assume, from the original relief order, that the court had concluded that Riley was obligated to pay the attorney $750 for some other services in addition to- those for which the $1,600 judgment previously was granted.
We find no reason to disturb the ruling of the successor judge in rejecting the motion for relief to the extent that the motion was based on the ground of newly discovered evidence, since it was not made to appear, from the nature of the evidence or otherwise, that such evidence was not amenable to discovery or discernment at or prior to the time of trial.
It is our opinion, however, that the motion for relief was meritorious upon its stated ground that the prior judgment for $1,600, which had formed a basis to that extent for the foreclosure judgment, had been reversed leaving the matter of the right to such fee and the amount thereof, if earned, subject to further and future litigation between the parties involved.
Relief from a judgment, on that ground, is contemplated by Rule 1.540(b) FRCP wherein it is provided: “On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: * * (5) the judgment or decree has been satisfied, released or discharged or a. prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that a judgment or *585 decree should have prospective application.” [Italics supplied.]
Accordingly, the order appealed from is reversed, and the cause is remanded to the circuit court with direction to set aside the foreclosure sale and vacate the foreclosure judgment, and for new trial (with the benefit of such additional pleadings as the trial court may authorize or direct) for determination of the amount or amounts of any fees which may be owed by Riley to Gus-tinger and for which the mortgage was intended to be security, and to adjudge to be due any such amounts so found to be payable to the attorney, and to enforce the payment thereof through the mortgage security to the extent that it shall become or appear necessary.
It is so ordered.