PER CURIAM.
Plaintiff-appellant, Edward A. Stern, brings this appeal to review a default entered against him on his complaint and a default as to liability on defendant-appel-lee’s, Commercial Construction Corp., counterclaim.
Plaintiff filed suit against defendant for damages for materials and work delivered and performed by plaintiff for defendant. Following the entry of all the pleadings the trial court entered an order setting the case for trial, but neither plaintiff nor his attorney were in court on the specified date and nothing in the record on appeal indicates that the attorney ever appeared. The court entered a default on plaintiff’s complaint and a default as to liability on defendant’s counterclaim. A jury trial was held on the issue of damages and a judgment entered for $224.80 in favor of defendant. Plaintiff filed a motion to set aside default, a motion for new trial and a motion for rehearing, claiming that the attorney’s failure to appear was based upon mistake, inadvertence or excusable neglect.
We hold that the trial court’s action in entering a default against plaintiff was tantamount to a dismissal of the complaint for failure to appear and prosecute. When a case goes to trial following the trial judge’s entry of an order setting the trial date and the plaintiff does not appear to prosecute, the complaint can be dismissed and he can suffer a default.
The lower court committed error by entering a default as to liability against plaintiff on defendant’s counterclaim, Ortiz v. Nicolaides, Fla.App.1967, 196 So.2d 186, and then proceeding to trial on the amount *551 of damages without plaintiff-counterdefen-dant receiving notice. and being given the right to be heard. Riley v. Gustinger, Fla.App.1970, 235 So.2d 364; Harbour Tower Development Corp. v. Seaboard Equipment Co., Fla.App. 1965, 179 So.2d 405; Grappell v. Lauderdale River Park Estate, Fla.App.1961, 126 So.2d 574.
For the reasons assigned the default entered on appellant’s complaint is affirmed, but the default entered and the subsequent trial and judgment for damages are reversed and remanded.
Affirmed in part and reversed in part.