PER CURIAM.
Plaintiff-appellant seeks review of an order of dismissal for failure to prosecute and an order denying his motion for rehearing.
Plaintiff filed suit for damages as a result of injuries sustained while alighting from an M.T.A. bus. After plaintiff’s counsel was granted several continuances, the cause was convened for the purpose of trial on July 18, 1972 at which time plaintiff’s counsel announced that he was unable to produce the plaintiff for trial or to proceed in the prosecution of the action. He then moved for a continuance which was denied. On July 20, 1972, the trial judge dismissed the cause for plaintiff’s failure to prosecute and on September 15, 1972 denied plaintiff’s motion for rehearing thereon.
Plaintiff-appellant alleges it was error for the trial court to have dismissed the cause for failure to prosecute and deny plaintiff’s motion for' another continuance. We find to the contrary.
A search of the record reflects that plaintiff had been granted three continuances *845 prior to July 18, 1972 and at least on two occasions the plaintiff was not available to his attorney and failed to appear in court. Further, plaintiff’s counsel frankly admitted that his client had no definite place of abode and, therefore, could not be easily notified when to appear for trial.
We find no abuse of discretion m the trial court’s dismissing the case. See Stern v. Commercial Construction Corp., Fla.App.1968, 268 So.2d 549.
Accordingly, the judgment appealed is affirmed.
Affirmed.