PER CURIAM.
In this case, the court had once set aside a default that permitted delinquent defendants to plead. Thereafter, the plaintiff sought an amendment to his complaint. In permitting the amendment because of prior confusion about pleadings, the trial judge directed (by court order) the defendants to file an answer by a day certain. This the defendants declined to do and, after the time for filing had expired, the plaintiff moved for a default based upon the defendants’ failure to comply with the court order. The judge entered the default. At no time did the defendants tender an answer to the amended complaint. Thereafter, final judgment was rendered on the default and this appeal ensued, contending that the trial court erred in the entry of the second default. We disagree, and affirm the action of the trial judge.
The order specifically required the filing of an answer and the court was justified in entering a default when the defendants failed to abide by the court order. Jordan v. John Ryan Company, 35 Fla. 259, 17 So. 73 (1895); Farish v. Lum’s, Inc., 267 So.2d 325 (Fla.1972); cf. Synthetic Environmental Development Corp. v. Sussman, 275 So.2d 291 (Fla.3d DCA 1973). The appellants contend they had a right to have their answers stand over, pursuant to Fla.R.Civ.P. 1.190(a), and Ortiz v. Nicolaides, 196 So.2d 186 (Fla.3d DCA 1967); Rubenstein v. Richard Fidlin Corporation, 346 So.2d 89 (Fla.3d DCA 1977). This is generally true; however, in the instant case there was an order directing them to file an answer and it was for this failure to comply with the court order that the subsequent default was entered.
Therefore, the final judgment here under review be and the same is hereby affirmed.
Affirmed.