HUBBART, Judge.
The defendant Bonded Rental Agency, Inc. appeals an order denying its motion to vacate a default judgment entered against it on an action for breach of contract and an accounting in the Circuit Court for the Eleventh Judicial Circuit of Florida. The default was entered by the trial court because the defendant did not file an answer to the plaintiff John M. Conner’s amended complaint as permitted, but not required by the court in its order dismissing the plaintiff’s original complaint. The defendant contends on appeal that the default was improperly entered and should have been vacated upon its motion herein because it had previously filed an answer to the original complaint, the amended complaint was virtually the same as the original complaint, and therefore its original answer should have been permitted to stand over as an answer to the amended complaint. We agree and reverse.
The law is clear that an answer to an original complaint stands over as an answer to an amended complaint providing the amended complaint is so substantially similar to the original complaint that the answer is responsive thereto. A contrary rule would exalt form over substance by requiring the performance of a useless act. A default judgment may not be entered against a party for failure to file an amended answer under such circumstances. The rule is of course different where (1) the amended complaint contains substantial changes from the original complaint so that the previously filed answer cannot be considered as responsive to the amended complaint, or (2) the trial court in its sound discretion orders the party to file an amended answer because of the confused state of the pleadings or for any other valid reason. In either such case, the party must file in timely fashion an amended answer (or in lieu thereof a legally recognized response) to the amended complaint; failure to do so constitutes prima facie grounds for the entry of a default judgment against the said party. Polar Enterprises, Inc. v. Srednicki, 354 So.2d 419 (Fla. 3d DCA 1978); Ortiz v. Nicolaides, 196 So.2d 186, 187 (Fla. 3d DCA 1967); Craver v. Ramagli Realty Co., 109 So.2d 187 (Fla. 3d DCA 1959); Fla.R.Civ.P. 1.190(a).
Measured by these standards, it is clear that the defendant herein was entitled to have its answer stand over as an answer to the plaintiff’s amended complaint. The amended complaint was so substantially similar to the original complaint that the defendant’s answer was responsive thereto. The trial court permitted, but did not order the defendant to file an answer to the amended complaint. Consequently, the trial court improperly entered a default judgment against the defendant which judgment should have been vacated upon the defendant’s motion herein.
The order appealed from is reversed and the cause remanded for further proceedings.