389 So.2d 322 (1980)
Lawrence HYMAN, As Executor of the Estate of Jule Hyman, Deceased, Appellant,
v.
Goldie CANTER, Etc., et al., Appellees.
No. 80-539.
District Court of Appeal of Florida, Third District.
October 21, 1980.
*323 Bailey & Dawes and William Berger, Miami, for appellant.
Hylan H. Kout, Horton, Perse & Ginsberg, Miami, for appellees.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and LILES, WOODIE A. (Ret.), Associate Judge.
PER CURIAM.
The orders of the trial court setting aside the default and default judgment entered against Canter and the final judgment on the pleadings entered against the appellee-banks are affirmed upon a holding that (1) the service of process by publication against Canter, whose residence was known to the Plaintiff, was ineffective to obtain personal jurisdiction over Canter and the default and consequent default judgment against her were, as admitted by Hyman, erroneously entered, Sections 49.031 and 49.041, Florida Statutes (1979); (2) where an order of default is invalid, a defendant need not show a meritorious defense in order to be entitled to a setting aside of the default and default judgment, Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980); Mac Organization, Inc. v. Harry Rich Corp., 374 So.2d 81 (Fla. 3d DCA 1979); and (3) the final judgment on the pleadings against the banks, since based on the default judgment against Canter, was correctly vacated, Florida Rule of Civil Procedure 1.540(b)(5) (providing that a court may relieve a party from a final judgment where a prior judgment "upon which it is based has been reversed or otherwise vacated"), see Riley v. Gustinger, 252 So.2d 583 (Fla. 3d DCA 1971).
Affirmed.