511 So.2d 1089 (1987)
Gary BELCHER, Appellant,
v.
Eileen and Charles FERRARA, Individually and As Parents and Next Friends of Marc Ferrara, a Minor, Appellees.
No. 86-1638.
District Court of Appeal of Florida, Third District.
September 1, 1987.
*1090 Joe N. Unger, Kimbrell & Hamann, Miami, for appellant.
Goldstein Professional Ass'n, Daniels & Hicks and Patrice A. Talisman, Miami, for appellees.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Marc Ferrara suffered injuries to his hand when a "bang stick" manufactured by Belcher, designed to repel sharks, allegedly malfunctioned. Gary Belcher brings this appeal from an order denying his motion for relief from a $3,000,000 judgment entered on a jury verdict in his absence.
Approximately a month before trial Belcher's attorney (the latest in a series) withdrew from the case. Belcher contended that he had no knowledge of the attorney's withdrawal or the trial date. Notice is imputed to him however because he failed to open his mail or to otherwise communicate with his former attorney so as to learn of the attorney's withdrawal. After becoming informed of the judgment by a Miami Herald reporter, Belcher hired a new attorney who filed several post-judgment motions. The trial court denied Belcher's motions for a new trial and remittitur but granted an evidentiary hearing on his motion for relief from the judgment. Prior to the evidentiary hearing Belcher took an appeal from the final $3,000,000 judgment. While the appeal was pending the trial court granted Belcher's motion for relief, finding:
2. There was no policy of avoidance of legal process or communications for counsel by either Belcher Industries, Inc. or Gary Belcher.
3. The Defendants' failure to appear at the trial of this case on February 25, 1985 was the direct result of excusable neglect.
It is therefore
ORDERED AND ADJUDGED as follows:
(1) Defendants' Motion for Relief from Judgment is hereby granted.
(2) The default judgment, the jury verdict and the final judgment dated February 26, 1985 entered against the Defendants are all hereby vacated.
(Emphasis added). Being satisfied with that ruling Belcher filed a suggestion of mootness which this court treated as a voluntary dismissal of the appeal from the final judgment. The Ferraras, however, being dissatisfied with the setting aside of the final judgment took an appeal. We reversed the order on grounds that the circuit court was without jurisdiction to set aside the final judgment while an appeal from that same judgment was pending in this court. We remanded the cause with instructions to conduct an evidentiary hearing on the timely motion for relief from judgment. Ferrara v. Belcher Indus., 483 So.2d 477 (Fla. 3d DCA 1986).
On remand the court conducted another hearing and made findings contrary to those made at the first hearing. That June 2nd 1986 order, which is the subject of this appeal, found:
that either GARY BELCHER had a policy to avoid service or receipt of letters from even his own attorney or that he received actual notice since the Belcher *1091 Industry file received into evidence contains letters directed to MR. BELCHER personally at his home.
As a first point on appeal Mr. Belcher contends the trial court erred in denying his motion for relief from judgment where no application for default was served on him and he was given no opportunity for a hearing on a motion for default. He relies on J.A.R., Inc. v. Universal American Realty Corp., 485 So.2d 467 (Fla. 3d DCA 1986), and Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985) (where a party files and serves papers in an action a default may be entered only with notice in accordance with Florida Rule of Civil Procedure 1.500(b)). In response the Ferraras say that Belcher was not defaulted on the issue of liability. They argue that the court directed a verdict on liability in light of Belcher's non-appearance, an argument which correctly concedes that no default could have been entered without notice to Belcher. There is no provision in the rule for a default without notice where a defendant has filed a pleading in the cause.
A directed verdict against an absent defendant on liability, in the absence of any proof, is simply a default in disguise. A true verdict, even if directed, assumes, at the least, that evidence was presented concerning factual matters raised as issues by the pleadings. If no evidence was presented tending to establish liability then the judgment was an impermissible default without notice in that the plaintiff's factual pleadings were accepted as true. See Bay Prods. Corp. v. Winters, 341 So.2d 240 (Fla. 3d DCA 1976) (where default judgment is entered against defendant, plaintiff's well-pleaded facts are admitted as true). Where a defendant with notice in a negligence action fails to appear for trial, the court, in its discretion, may proceed with the trial but may not relieve the plaintiff of its burden to prove disputed issues. Ortiz v. Nicolaides, 196 So.2d 186 (Fla. 3d DCA 1967) (default on liability entered by court at trial where defendant, with notice, failed to appear was an abuse of discretion).
Belcher contends, and it is supported by a pleading in the record, that the trial court dismissed the court reporter at the commencement of the trial. There is therefore no record as to what transpired. The court's order of June 14, 1985, vacating a default, however, has at least probative value and suggests that indeed a default was entered. If Ferrara did not establish liability by proof Belcher would be entitled to a new trial.
Pursuant to Florida Rules of Appellate Procedure 9.200(b)(3) and 9.200(f), we remand the cause to the trial court for a period of forty-five (45) days to allow Belcher to prepare a statement of the trial proceedings by the best available means in order to determine whether the jury made a determination on the issue of liability based on evidence presented at trial.