PER CURIAM.
In Belcher v. Ferrara, 511 So.2d 1089 (Fla. 3d DCA 1987), we held that a trial court could not enter a default against a defendant on the issue of liability, without notice, as a sanction for failure to appear at trial where the defendant had filed an answer denying liability. We remanded the case for construction of a record to aid us in our determination whether the judgment on liability was supported by competent evidence.
On remand a hearing was conducted before the trial judge which resulted in a “Statement of The Proceedings As Settled And Approved.” Paragraphs 1 and 2 of the statement chronicle the material events at trial:
1. The trial judge struck the defendants’ pleadings and defaulted the defendants because of their failure to appear at trial.
2. The trial judge directed a verdict on liability, prior to empaneling the jury, after a review of the court file and presentation of plaintiffs’ proffer of the lia *48 bility testimony they were prepared to present.
(Emphasis added).
Paragraph 1 describes precisely that action which we held impermissible in the earlier opinion. The judicial act described in paragraph 2 was superfluous after the default had been entered. It also failed as a remedial effort because no competent evidence on liability was presented to the court.[1]
The judgment is reversed as to liability, affirmed on damages, and remanded for a trial on liability.
BASKIN and FERGUSON, JJ., concur.

. We do not share the dissenting view that the affidavits of Marc Ferrara and Nancy Balkany regarding their trial testimony — -which the appellants are unable to dispute because they were not present — should be considered for the purpose of ratifying the trial court’s pretrial disposition of the liability issue. Our disagreement, which the dissent characterizes as quibbling, concerns whether the judgment on liability should be affirmed on the basis of separately-filed affidavits — vociferously objected to by the appellants- — which are not part of the "Statement of the Proceedings" approved by the parties and the court.