NIMMONS, Judge.
Appellant/former wife appeals from the trial court’s order denying her motion for rehearing. We reverse.
A final judgment of dissolution was entered in July 1987 in which the trial court retained jurisdiction to conduct further proceedings to dispose of remaining issues pertaining to disputed property and support matters.
The remaining issues were set for nonju-ry trial for December 9, 1987. On December 3, appellant’s attorney presented to the court a motion to withdraw as counsel of record. The motion represented that opposing counsel had no objection to such withdrawal. But the motion did not indicate whether the client (appellant) had consented to the withdrawal or that she had even been consulted on the matter. Moreover, she was apparently not notified of the hearing on the motion and was not present although the certificate of service indicates that she was sent a copy of the motion by mail on November 30.
On December 3, the trial court granted the motion to withdraw. The order provided that appellant “shall obtain other counsel within 5 days from the date of the signing of this order.”
The case came on for final hearing on December 9. Neither appellant nor any counsel on her behalf appeared. Subsequent to the hearing, an amended final judgment was entered which judgment ordered the partition of the marital home property.
A week or so after the amended judgment was entered, new counsel on behalf of appellant filed a motion for rehearing. At the hearing on that motion, appellant’s former counsel testified that, at the hearing on his motion to withdraw in December, the judge told him that the court would give appellant additional time to find new counsel if she so requested. The attorney said that he so informed the appellant. After having been informed of her attorney’s withdrawal and that she could request additional time to obtain counsel, appellant wrote a letter to the judge which was received in the judge’s office on December 7. Although the letter was not made a part of the record in this case, it appears from the transcript of the hearing on the motion for rehearing that the letter was the vehicle used by the then unrepresented appellant to inform the court that she needed additional time to obtain new counsel. The appellant did not appear for the scheduled December 9 trial. The trial judge was of the view that the appellant should have known that she was still expected to appear on December 9, although the judge indicated that she would have probably granted the appellant a continuance.[1]
It is apparent from appellee’s brief that appellee concurs with appellant’s assertion that the propriety of the order appealed should be measured by the same standards as an order denying a motion to set aside a default. The applicable rule under which relief may be sought is Fla.R.Civ.P. 1.540(b). Although denominated a motion' for rehearing, appellant’s motion may appropriately be viewed as a 1.540(b) motion for relief from final judgment.
*76 Essentially, appellant’s motion for rehearing complained of the fact that she was denied her day in court through no fault of her own. As she suggests on appeal, her failure to appear for the trial on December 9 was at least the result of excusable neglect — if neglect at all. We agree and find that the trial court’s ruling to the contrary was an abuse of discretion and must be reversed. See Zimmerman v. Vinylgrain Industries, 464 So.2d 1353 (Fla. 1st DCA 1985).
In the appellant’s absence and without notice to appellant,[2] her attorney of record presented his motion to withdraw to the trial judge six days before the scheduled final hearing. The trial judge granted the motion, the order thereon providing that the appellant would have five days within which to arrange for new counsel. But the trial judge told the withdrawing attorney to inform appellant that she could have additional time if she needed it. The attorney so informed appellant and appellant, apparently — and understandably so — needing additional time, informed the trial court by letter two days before the hearing of her need for additional time.
Given the above scenario, it is not at all surprising that this 76-year-old lady, no longer having the benefit of counsel, assumed that the case would not proceed to trial on December 9 and that her appearance would not be required at that time.
Insofar as there may be a requirement in a case such as this for the appellant to demonstrate a meritorious defense which could have been presented at the hearing on December 9, it is apparent from the record before us that such a requirement was easily satisfied. The appel-lee/former husband claimed the right to partition of the parties’ marital home. The wife, on the other hand, sought affirmative relief in several significant respects, including, among other things: (1) permanent alimony; (2) exclusive use and possession of the marital home or, in the alternative, a special equity therein; (3) payment by the appellee of marital debts; and (4) an award of attorney’s fees.
Under the specific terms of the amended final judgment entered after the December 9 final hearing, all issues remaining after entry of the original final judgment of dissolution were adjudicated. The court erred in denying appellant her day in court thereon.
Accordingly, the order denying appellant’s motion for rehearing is reversed and the case is remanded with instructions to vacate and set aside the amended final judgment except insofar as such judgment dissolved the parties’ marriage.
JOANOS and WIGGINTON, JJ., concur.

. Although not essential to our decision, we note that appellant testified that her physical disability made it difficult for her to travel without assistance from her home in Putnam County. She claims to be wheelchair bound but appellee says she can ambulate without the aid of her wheelchair.

. As earlier indicated, the attorney did apparently mail a copy of the motion to withdraw to appellant but failed to furnish notice of any hearing thereon.