607 So.2d 506 (1992)
TURNER PROPERTIES, INC., a New York corporation, Betsy Lee Turner, individually and Ivan Gati, individually, Appellants,
v.
Arthur MARCHETTA, Charter Investments Realty, Inc., a Florida corporation, and Joseph Weiselberg, Appellees.
No. 90-1379.
District Court of Appeal of Florida, Third District.
November 10, 1992.
Miller and Russell, and Edgar Miller, Coral Gables, and Kenneth L. Paretti, Miami, for appellants.
Morgan, Lewis & Bockius, and Thomas A. Dye and Nancy A. Copperthwaite, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
COPE, Judge.
Turner Properties, Inc., Betsy Turner and Ivan Gati, defendants below, appeal a final judgment entered in favor of plaintiffs. We reverse.
When the case was called for trial, defendants failed to appear.[1] The court entered a default against them on liability and *507 struck their pleadings. The case went to the jury on damages only.
The default cannot be sustained on the basis of the failure to appear at trial. Nonappearance by defendants does not relieve the plaintiff of its obligation to introduce evidence on liability, and is not a basis for entry of a default. Delancer v. Advanced Mortgage Investment Co., 546 So.2d 130 (Fla. 3d DCA 1989); Cluett v. Krystyniak, 532 So.2d 739 (Fla. 2d DCA 1988); Belcher v. Ferrara, 511 So.2d 1089 (Fla. 3d DCA), appeal after remand, 517 So.2d 47 (Fla. 3d DCA 1987), review denied, 528 So.2d 1181 (Fla. 1988); Stern v. Commercial Constr. Corp., 268 So.2d 549, 550-51 (Fla. 3d DCA 1972), cert. denied, 276 So.2d 166 (Fla. 1973); Ortiz v. Nicolaides, 196 So.2d 186 (Fla. 3d DCA 1967).
The stated basis for entering the default, however, was as a sanction. According to the court's written order, the sanctions were entered based on an ore tenus motion made by plaintiff at trial, as well as a previous written motion for default.
As to the oral motion at trial, defendants had no prior notice or opportunity to be heard. That being so, it was error to enter sanctions. See Lazare v. Weiss, 437 So.2d 211, 212 (Fla. 3d DCA 1983); Sunstream Jet Center, Inc. v. Lisa Leasing Corp., 423 So.2d 1005, 1006-07 (Fla. 4th DCA 1982); see also Belcher v. Ferrara, 511 So.2d at 1091. It is plain from the trial court's order that the basis for its ruling was the oral motion.[2] The order entering default and striking pleadings must be reversed. This necessitates reversal of the final judgment as well, as it was based on the default on liability. This ruling is without prejudice to the court's consideration of a motion for sanctions on proper notice and an opportunity to be heard.[3]
We need not reach the remaining point on appeal.[4]
The final judgment is reversed and the cause remanded with directions to vacate the default and reinstate defendants' pleadings, and for further proceedings consistent herewith.
NOTES
[1] There is a dispute about notice which need not be discussed here.
[2] The written motion was essentially for failure to plead, and was largely mooted when substitute counsel appeared and filed an answer prior to the written motion's being heard pretrial. The court deferred ruling on the written motion. The written motion would not, standing alone, support the extreme remedy of striking defendant's pleadings.
[3] We express no opinion on the merits of any such motion or the appropriate remedy therefor.
[4] We would note in passing that this case was not at issue when it was set for trial. There was no timely objection made, however, which would have preserved this point for appeal.