SCHWARTZ, Chief Judge.
The defendant below appeals from an order denying his Rule 1.540 motion for relief from a money judgment entered after a jury trial at which he did not appear and was not represented. In accordance with the trial judge’s oral ruling at the hearing on the motion, but contrary to the actual order entered after an unexplained period of almost two years had elapsed, we reverse both because (a) Debello’s failure to attend the trial, notwithstanding that he filed an answer and otherwise indicated his intention to defend, was the result of plainly “excusable neglect,” stemming from an understandable failure of communication concerning the date and time of the actual trial, see Baker v. Baker, 538 So.2d 74 (Fla. 1st DCA 1989); Florida Deft of Envtl. Regulation v. Chemairspray, Inc., 520 So.2d 96 (Fla. 4th DCA 1988); Supro Corp. v. Bridwell, 361 So.2d 734 (Fla. 4th DCA 1978), and because (b) the trial judge erroneously defaulted the defendant at the beginning of the trial. Whether or not the defendant’s absence is excusable — as we have held that Debello’s was — the plaintiff must be put to his proof against a defendant who has answered and thus not defaulted in the case. Delancer v. Advanced Mortgage Inv. Co., 546 So.2d 130 (Fla. 3d DCA 1989); Bernuth Marine Shipping, Inc. v. Integrated Container Serv., Inc., 369 So.2d 424 (Fla. 3d DCA 1979); Stern v. Commercial Constr. Corp., 268 So.2d 549 (Fla. 3d DCA 1972), cert. denied, 276 So.2d 166 (Fla.1973); Ortiz v. Nicolaides, 196 So.2d 186 (Fla. 3d DCA 1967). The order below is therefore reversed for trial on the merits.
Reversed.