687 So.2d 940 (1997)
Renia T. MARANTO, Appellant,
v.
Arthur DEARBORN, As Trustee of the Isaac R. Boothby Trust, Appellee.
No. 96-2045.
District Court of Appeal of Florida, Third District.
February 12, 1997.
Arthur N. Razor, for appellant.
Stephen E. Tunstall, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
PER CURIAM.
Renia T. Maranto, the defendant below, appeals an order denying her motion to set aside a final default judgment. The final default judgment was entered as a result of Maranto's failure to appear at calendar call and trial.[1] Although there appears to be a dispute between the parties as to whether Maranto received actual notice of the calendar call and trial, and the record is not definitive on this point; we find the entry of default final judgment and the order denying the motion to set aside the same to be a gross abuse of discretion.
Assuming, arguendo, first of all, that Maranto received actual notice and failed to appear, it is undisputed that the default judgment was entered without appellee providing any proof of his claim on the contested *941 issues in the pleadings. We have found the entry of a default judgment under such circumstances to be an abuse of discretion. Turner Properties, Inc. v. Marchetta, 607 So.2d 506, 507 (Fla. 3d DCA 1992); Cluett v. Krystyniak, 532 So.2d 739, 739 (Fla. 2d DCA 1988) (deciding where appellants intentionally failed to appear at trial, trial court erred in entering default judgments where pleadings set forth disputed issues as to liability and there was no evidence of liability presented); Belcher v. Ferrara, 511 So.2d 1089, 1091 (Fla. 3d DCA 1987) (holding where no evidence presented to establish liability, judgment by way of directed verdict was impermissible default without notice); Ortiz v. Nicolaides, 196 So.2d 186, 187 (Fla. 3d DCA 1967) (finding trial court abused its discretion in granting default on liability where defendant with notice, failed to appear at trial).
Further, the record before us is totally void of any notice being provided to Maranto of any application for the default final judgment. Rule 1.500(b), Fla. R. Civ. P.[2] mandates that when a party against whom affirmative relief is sought has appeared in the action by filing or serving any papers, no default may be entered against such party without prior notice of the application for default. Yellow Jacket Marina, Inc. v. Paletti, 670 So.2d 170, 171 (Fla. 1st DCA 1996); Powers v. Gentile, 662 So.2d 374, 375 (Fla. 5th DCA 1995); Brooks v. Ocean Village Condominium Ass'n, Inc., 656 So.2d 275, 276 (Fla. 3d DCA 1995); Zeigler v. Huston, 626 So.2d 1046, 1048 (Fla. 4th DCA 1993); Neder v. Greyhound Financial Corp., 592 So.2d 1218, 1218 (Fla. 1st DCA 1992); Clearvalle, Inc. v. Cohen, 561 So.2d 1354, 1354 (Fla. 4th DCA 1990). Any default entered in violation of the due process notice requirement of Rule 1.500 must be set aside without any regard as to whether a meritorious defense is presented or excusable neglect is established. Yellow Jacket Marina, Inc., 670 So.2d at 171; see also Hyman v. Canter, 389 So.2d 322 (Fla. 3d DCA 1980) (holding where order of default is found to be invalid, defendant need not show meritorious defense). Put another way, the "failure to produce proof of service of the required notice of application for default alone renders the entry of a default judgment erroneous." Clearvalle, Inc., 561 So.2d at 1354 (citations omitted).
For these reasons, we reverse the final default judgment and order denying the motion to set aside the same and remand for further proceedings.
Reversed and remanded.
NOTES
[1] Maranto was unrepresented at the time since her counsel had been permitted to withdraw from the case.
[2] That rule provides that:

When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default. (emphasis added).