STEVENSON, J.
Appellants John Baleanu and Transilva-nia, Inc., were defendants in a breach of contract suit. Early in the litigation, both defendants were represented by the same attorney and a joint answer was filed on behalf of the defendants. Thereafter, counsel withdrew and the parties were afforded thirty days to secure counsel. While more than a year passed, neither party had retained counsel by the time of the bench trial. The trial court entered a default as to Transilvania, Inc., as the corporate defendant failed to appear with counsel. The case was tried on the merits as to Baleanu. A final judgment holding both defendants jointly and severally liable to the plaintiff for $25,000 in damages was entered. Both Transilvania, Inc., and Ba-leanu appeal. We affirm the judgment against Baleanu, but reverse the judgment against Transilvania, Inc.
Baleanu contends the judgment against him must be reversed on a number of procedural and evidentiary grounds. Baleanu, however, has failed to provide this court with a transcript of the bench trial that preceded the final judgment and such failure precludes appellate review. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Transilvania, Inc., insists the final judgment against it must be reversed as the default was entered without prior notice. This argument has merit. When a defendant fails to appear for trial, the court has two options: proceed with the trial, requiring the plaintiff to put on its case, or enter a default due to the failure to defend. See, e.g., Powers v. Gentile, 662 So.2d 374, 375 (Fla. 5th DCA 1995); Neder v. Greyhound Fin. Corp., 592 So.2d 1218, 1218 (Fla. 1st DCA 1992). The default may not be entered, however, until the defendant is served with notice of the application for default and afforded an opportunity to explain. See, e.g., Maranto v. Dearborn, 687 So.2d 940, 941 (Fla. 3d DCA 1997) (reversing default entered following failure to appear for trial where prior notice required by rule 1.500 not afforded defendant); Neder, 592 So.2d at 1218 (reversing default entered following failure to comply with court orders and appear for trial as default was entered in absence of notice and opportunity to be heard on whether conduct willful or in bad faith); Belcher v. Ferrara, 511 So.2d 1089, 1091 (Fla. 3d DCA 1987) (holding that, despite failure to appear for trial, default could not be entered without notice to defendant). Any oral notice of the default given at the hearing would be insufficient to constitute the notice required by Florida Rule of Civil Procedure 1.500. See Molina v. Watkins, 824 So.2d 959, 963 (Fla. 3d DCA 2002) (“Absent extraordinary circumstances, an ore tenus motion made in open court does not constitute prior notice of default judgment, even when the party is present.”). As Transilvania, Inc., was not afforded prior notice of the default, we are compelled to reverse the judgment against it and remand for further proceedings.

*100
Affirmed in part; Reversed in part; and Remanded.

POLEN and TAYLOR, JJ., concur.