# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2941
Lower Tribunal No. 08-2130-K
_____

## Nationstar Mortgage, LLC,
Appellant,

vs.

## Steven Prine and Courtney Saucier,
Appellees.

An Appeal from the Circuit Court for Monroe County, Sandra Taylor and James M. Barton, Senior Judges.

Akerman, LLP, Nancy M. Wallace (Tallahassee); William P. Heller and Henry H. Bolz (Fort Lauderdale), for appellant.

Jay M. Levy, for appellees.

Before WELLS, SALTER and FERNANDEZ, JJ.

FERNANDEZ, J.

Nationstar Mortgage, LLC, appeals a final order denying its motion to vacate order of dismissal in this mortgage foreclosure case. We reverse the order

of dismissal and remand for a new trial because Nationstar had a due process right to the notice of trial, which it did not receive when the trial court clerk erroneously transmitted the notice for service to an incorrect e-mail address.

Nationstar sought to foreclose on a mortgage that appellees Steven Prine and Courtney Saucier executed. The trial court issued its Order Setting Cause for Trial by Court and Directing Pretrial Procedure on June 24, 2014. The court scheduled the trial for August 12, 2014. The order directed the court clerk to e-mail copies to counsel and correctly designated Nationstar's counsel's e-mail address for service. The transmittal of the notice, however, effectuated service upon an incorrect e-mail address for Nationstar's counsel.

Nationstar's counsel learned of the trial when he reviewed the court on-line docket on August 7, 2014, five days before the scheduled trial. Nationstar appeared at trial on August 12, 2014 and requested a continuance, arguing that it had not received the court's order setting the case for trial, and that it was unable to produce a witness on such short notice. Nationstar advised the court that it had tried to procure a witness, but none was available. The court denied the motion to continue the trial and dismissed the action as a result of Nationstar's failure to produce a witness at trial.

Nationstar moved to vacate the dismissal pursuant to rule 1.540(b), Florida Rule of Civil Procedure, alleging that it had no knowledge of the trial until August

7, 2014 and did not have adequate time to properly prepare for trial. Opposing counsel argued in its response that Nationstar failed to establish mistake or inadvertence; and that the notice of trial was e-mailed to Nationstar's counsel at the e-mail address designated on the clerk's transmittal copy, attached to his response, which clearly indicated Nationstar's counsel's incorrect e-mail address.

The trial court summarily denied Nationstar's motion. This constituted an abuse of discretion. See Barco Holdings, LLC v. Terminal Inv. Corp., 967 So. 2d 281, 295 (Fla. 3d DCA 2007)(stating that "["o]ur standard of review of an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of the trial court's discretion.").

Nationstar's failure to adequately prepare for trial constituted excusable neglect. Florida Rule of Civil Procedure 1.540(b)(1) authorizes a trial court to relieve a party from a final judgment, decree, order, or proceeding based upon mistake, inadvertence, surprise, or excusable neglect. It is undisputed that Nationstar's counsel did not receive the notice of trial. The record reflects, as opposing counsel noted in his response to Nationstar's motion to vacate, that the court clerk erroneously transmitted the trial order to an incorrect e-mail address for Nationstar's counsel. Nationstar's inability to secure a trial witness and thereby

3

adequately prepare for trial was thus plainly excusable. See DeBello v. Faske, 668 So. 2d 324, 325 (Fla. 3d DCA 1996).

Although a presumption of good service arises from a certificate of service on a court order, see World on Wheels of Miami, Inc. v. Int'l Auto Motors, Inc., 569 So. 2d 836, 837 n.1 (Fla. 3d DCA 1990), the presumption of good service is rebuttable where, as here, there was a transmittal error of the trial order and the record is devoid of any evidence that Nationstar's counsel received the trial order. See Ciolli v. City of Palm Bay, 59 So. 3d 295, 297 (Fla. 5th DCA 2011)(stating that, "[w]hile proof of mailing normally raises a rebuttable presumption that the mailed item was received, no such presumption arises when there is no evidence that the mailed item was sent to the correct address"). Nationstar successfully rebutted any possible presumption of service.

The failure of service is tantamount to a due process violation. Due process requires fair notice and opportunity to be heard before judgment is rendered. See Schuman v. Int'l Consumer Corp., 50 So. 3d 75, 76-77 (Fla. 4th DCA 2010). Florida Rule of Civil Procedure 1.440(c) mandates that a trial be set not less than thirty days from the service of the notice for trial. Mourning v. Ballast Nedam Const., Inc., 964 So. 2d 889 (Fla. 4th DCA 2007). Nationstar's inability to adequately prepare for trial was reasonably attributable to the failure of adequate and proper notice of trial. Nationstar's counsel neither received notice of trial nor

4

adequate time within which to prepare for trial. Nationstar's counsel learned of the trial five days before the start of trial, an obvious inadequate amount of time within which to prepare and a clear violation of the underlying principle inherent in rule 1.440(c). Nationstar's counsel nonetheless appeared on the day of trial and requested a continuance without any knowledge that his failure to receive the notice of trial was the result of the court clerk's typographical error. It is not surprising that Nationstar's counsel was unable to secure a trial witness.

We therefore reverse the order of dismissal and remand for a new trial.

REVERSED and REMANDED.