433 So.2d 1354 (1983)
Jordan S. COHEN, Appellant,
v.
BARNETT BANK OF SOUTH FLORIDA, N.A., Appellee.
Nos. 82-2052, 82-2251.
District Court of Appeal of Florida, Third District.
July 12, 1983.
A.M. Schwitalla, Coral Gables, for appellant.
Penzell & Diamond and Barry J. Clyman, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
Cohen appeals from a final judgment entered in an action on a note after a default had been taken against him. He was served with the complaint on July 8, 1982. On July 28, 1982, his attorney served and filed a "notice of appearance." Under Fla. R.Civ.P. 1.500(b),[1] the filing of this "paper" *1355 required the plaintiff bank to serve Cohen with a "notice of [any] application for default." Presumably in compliance, the bank's lawyer, according to the certificate of service,[2] mailed a copy of a "motion for default" on August 2. Two days later, on August 4, 1982, the trial judge ex parte executed a default order (located at the bottom of the same sheet which contained the motion), because no responsive pleading had been filed within the required twenty day period. Subsequently, he denied Cohen's motion to set the default aside and entered final judgment against him. We reverse because sufficient notice of the default application was not given the defendant.
While this court and others have expressed doubt concerning the wisdom of both some of the notice and filing aspects of Fla.R.Civ.P. 1.500(b) and (c) and the "notice of appearance" ploy they have engendered, see Bowman v. Kingsland Development, Inc., 432 So.2d 660, n. 1 (Fla. 5th DCA 1983); Leon Shaffer Advertising v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982); Miami Steel Traders, Inc. v. Ryder Truck Lines, Inc., 401 So.2d 1146 (Fla. 3d DCA 1981), counsel have the right to rely upon and we have the duty to apply these provisions as they now exist. Freedman v. Freedman, 235 So.2d 544 (Fla. 3d DCA 1970), cert. denied, 241 So.2d 859 (Fla. 1970). In the present situation, it is obvious that the "notice of application" provided by 1.500(b) would be purposeless unless given in sufficient time to permit some meaningful action to be taken upon it after its receipt  here, to file a pleading before the default so as to preclude its being entered. Rule 1.500(c); see Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980). Fairly read, the rule therefore must be deemed to include that requirement. Under Fla.R.Civ.P. 1.090(e), five days must be added to the time in which responsive action is permitted or required when, as here, service is made by mail. See Okeechobee Insurance Agency, Inc. v. Barnett Bank of Palm Beach County, 434 So.2d 334 (Fla. 4th DCA 1983). Since the two day period in the notice given by the bank was less than that, and was patently insufficient even without reference to the rule, it is plain that the plaintiff did not comply with Fla.R.Civ.P. 1.500(b). The result is that the default and the consequent judgments[3] it secured must be set aside. Okeechobee Insurance Agency, Inc. v. Barnett Bank of Palm Beach County, supra; see also Fierro v. Lewis, 388 So.2d 1361 (Fla. 5th DCA 1980);[4]Kiaer v. Friendship, Inc., 376 So.2d 919 (Fla. 3d DCA 1979).
The orders and judgment under review are therefore reversed and the cause remanded with directions to permit Cohen a reasonable time to plead to the complaint and for further proceedings thereafter.
Reversed.
NOTES
[1] Fla.R.Civ.P. 1.500(b) and (c) provide:

(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.
(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered. If a party in default attempts to file any paper after a default is entered except under subsection (d), the clerk shall return the paper to the party and notify him of the entry of the default. The clerk shall make an entry on the progress docket of the action taken.
[2] While Cohen's lawyer represents that he has never in fact received the notice, he concedes that this is essentially irrelevant in the light of Fla.R.Civ.P. 1.080(f), which states that an attorney's certificate of service "shall be taken as prima facie proof of such service."
[3] Since the default was improperly entered, the final judgment must likewise be vacated whether or not Cohen established excusable neglect or a meritorious defense in support of his motion to vacate. Chester, Blackburn & Roder, Inc. v. Marchese, supra, 383 So.2d at 735, n. 3, and cases cited.
[4] We need not in this case choose between the conflicting views expressed in Okeechobee Insurance and Fierro as to whether a hearing and notice thereof in the application for default are required.