OTT, Chief Judge.
This appeal raises the question of whether appellant, defendant below, was afforded proper notice of appellees’ application for default prior to entry of the default and final default judgment. We hold that the notice appellant received was insufficient. Consequently, the default and default final judgment are vacated.
Appellees filed a three-count complaint against appellant. Following service of process, appellant filed a motion to dismiss. The motion was denied, and appellant was given until May 24, 1983, a period of twenty days, to file his answer. No answer or other pleading was filed. On July 27, 1983, appellees filed their motion for default. A notice of hearing on appellees’ motion for default was dated July 26, 1983, and mailed to appellant notifying him of a hearing on the motion scheduled for July 28, 1983. Upon appellees’ ex parte application, the trial court signed an order of default which bears the date July 27, 1983.
Appellant filed answer, affirmative defenses, and counterclaim on August 3, 1983. He also filed a motion to set aside, alleging he had not received the notice of hearing until July 29, 1983. The motion was denied, and a default final judgment was rendered September 7, 1983.
Florida Rule of Civil Procedure 1.500(b) provides that if a party files any paper in an action he must be served with notice of any application for default. Appellant was entitled to notice because of his motion to dismiss and the pleadings which followed. The notice required by rule 1.500(b) would be meaningless unless given in sufficient time to permit some action to be taken after its receipt. Cohen v. Barnett Bank of South Florida, N.A., 433 So.2d 1354, 1355 (Fla.3d DCA 1983). Not only did appellees fail to comply with rule 1.500(b), they also ignored Florida Rule of Civil Procedure 1.090(e), requiring five days to be added to the time for taking action when service is made by mail. Id. Because appellant did not receive notice until after the default was signed, the default and resultant judgment must be set aside. See Kiaer v. Friendship, Inc., 376 So.2d 919 (Fla.3d DCA 1979). Therefore, appellant’s answer, affirmative defenses, and counterclaim were timely filed.
The default and final default judgment are VACATED, and this cause is REMANDED for further proceedings.
CAMPBELL and SCHOONOVER, JJ„ concur.