485 So.2d 467 (1986)
J.A.R., INC., a Florida Corporation, and Clarence E. Reynolds, Appellants,
v.
UNIVERSAL AMERICAN REALTY CORPORATION, a Florida Corporation, Appellee.
No. 85-2270.
District Court of Appeal of Florida, Third District.
March 11, 1986.
Rehearing Denied April 14, 1986.
Evan J. Langbein, Miami, for appellants.
Ordonez, Friend & Fleck and Geoffrey C. Fleck and Richard A. Friend, Miami, for appellee.
Before BARKDULL and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Defendants J.A.R., Inc. and Clarence E. Reynolds, individually, were served with a summons and complaint in a landlord-tenant *468 dispute. Plaintiff, Universal American Realty Corporation, sought to terminate the lease for non-payment of rent and to accelerate future rentals for the remaining four-year balance on a five-year lease.[1] Within twenty days a letter signed by Reynolds was sent to plaintiff's attorney as a defense to the complaint. The letter stated in part:
Richard A. Friend, Esq.
Sirs:
In defense to case # 85-22884 J.A.R. Inc. and Clarence E. Reynolds. After several attempts to maintain and operate the location and to do as Universal American Realty instructed us we can no longer operate the location. We had no customers, and every time it rained, water blocked the location.
J.A.R. Inc. and Mr. Reynolds can no longer afford to operate.
The locks were changed once and a [sic] eviction Notice was posted. The rent was paid at that point and brought up to date, but due to no customers and no sales we could not reopen and we were notified we were evicted.
* * * * * *
 C.E. Reynolds
 J.A.R. Inc.
Almost two weeks after defendants served their "defense" letter on plaintiff's counsel, plaintiff caused the clerk of the court to enter a default without notice to defendants. Plaintiff then filed its motion for entry of final default judgment and affidavits in support thereof without serving them on defendants. The final default judgment awarding $62,377.76 was entered approximately one month after the default was entered by the clerk.
Nine days later defendants, through counsel, filed a notice of appearance and a motion to vacate the final default judgment. The court denied the motion on findings that (1) the letter was a nullity as to the corporate defendant, (2) the letter did not evidence an intent to contest the claim and "did not state defenses thereto," and (3) defendants' unsworn motion was insufficient to establish excusable neglect, a meritorious defense, and due diligence.[2] We reverse summarily in light of clearly controlling authorities.
Florida Rule of Civil Procedure 1.500(b) provides that if a party has filed or served "any paper," the party shall be served with notice of an application for default. Reicheinbach v. Southeast Bank, 462 So.2d 611 (Fla. 3d DCA 1985). Based on a violation of the rule the final default judgment should have been set aside on defendants' motion without considering whether a meritorious defense was presented. See Cohen v. Barnett Bank of South Florida, 433 So.2d 1354, 1355 n. 3 (Fla. 3d DCA 1983); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734, 735 n. 3 (Fla. 3d DCA 1980).
Plaintiff argues that even if the default must be set aside as to defendant Reynolds, the paper filed by Reynolds is a nullity as to the corporate defendant because a corporation must be represented in a legal action by an attorney and cannot be represented by a corporate officer. The issue was pointedly decided by this court in Szteinbaum v. Kaes Inversiones y Valores, 476 So.2d 247 (Fla. 3d DCA 1985), which relied on cases dealing with entry of defaults where a non-attorney appeared on behalf of a defendant corporation. In Szteinbaum we held that an initial pleading entered on behalf of a corporation by a non-attorney officer of the corporation is *469 not a nullity but will be subject to dismissal if an attorney does not enter an appearance within a reasonable time after notice of the defect is given, unless it is shown that the representation occurred with knowledge of its impropriety or the other party was substantially prejudiced by it. Id. at 251. Neither circumstance is demonstrated here.
Reversed and remanded for further proceedings.
NOTES
[1] Under the lease the landlord has an option to pursue both remedies. Defendants raise as an issue on the merits that this provision of the lease is contrary to law because a landlord, by electing to terminate a lease which enables it to re-enter the premises for its own purposes, is foreclosed from obtaining judgment for the rent accruing after the termination and re-entry. See Geiger Mutual Agency, Inc., v. Wright, 233 So.2d 444 (Fla. 4th DCA 1970). We do not reach that issue.
[2] We are not persuaded that the defense is totally devoid of merit. The paper states that it is a defense to the action, and then sets forth facts suggesting a constructive eviction.