# CENTRUST SAVINGS AND LOAN v CRISTOL, etc., et al.

Case No. 85-376 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

February 2, 1987

## APPEARANCES OF COUNSEL

**Gene Essner** for appellant.

**Julie Feigeles** for appellee.

Before SIMONS, SALMON, ROBINSON, JJ.

179

## OPINION OF THE COURT

MICHAEL H. SALMON, Judge.

An appeal has been brought before this court by Appellant/Garnishee, Centrust Savings and Loan. The issue on appeal is whether the trial court erred in failing to set aside a default entered by the Clerk and subsequently entering a Final Judgment of Garnishment when an agent for Appellant had previously responded to a Writ of Garnishment with a letter to the Clerk.

The facts are as follows: On June 14, 1985, the trial court entered a Final Judgment by Default against Defendants, customers of Appellant, for failure to file responsive pleadings. On July 2, 1985, Appellees filed a Motion for Garnishment After Judgment against Appellant, a Writ of Garnishment was served on Appellant on July 5, 1985. Five days later a letter in response to the Writ was sent to the Clerk by an agent of Appellant and filed by the Clerk on July 15, 1985. On August 8, 1985, a default was applied for and, without notice thereof, entered against Appellant by the Clerk for failure to serve or file any paper as required by law. On August 27, 1985, Final Default Judgment of Garnishment was entered by the trial judge against Appellant. On October 24, 1985, the Final Default Judgment was modified discharging all funds on deposit in the name of the Defendants and requiring Appellant to pay from its own funds the judgment for Appellee in the amount of $1,553.20.

According to Fla.R.Civ.P. 1.500(b), if a party has filed or served *any paper* in an action where affirmative relief is sought he or she shall be served with notice of the application for default. In *Reichenbach v. Southeast Bank, N.A.,* 462 So.2d 611 (Fla. 3d DCA 1985), it was held that a letter filed by an attorney constituted a "paper" within the meaning of Rule 1.500(b). A letter filed by an officer of a corporation was held to constitute a Rule 1.500(a) "paper", and therefore a default entered by the Clerk with such paper on file was declared unauthorized in *Building Inspection Services of Dade v. Olemberg,* 476 So.2d 774 (Fla. 3d DCA 1985). Even an unfiled letter sent to a landlord asserting an informal defense to the landlord's action was held to trigger the notice of application for default requirement of Rule 1.500(b). *J.A.R., Inc. v. Universal American Realty Corporation,* 485 So.2d 467 (Fla. 3d DCA 1986).

It is our opinion that the trial judge in this case erred in not setting aside the default entered by the Clerk because no notice of the

application for default was served on Appellant. Accordingly, we reverse the Order rendered October 25, 1985, by the trial judge with directions to set aside the default.

SIMONS and ROBINSON, JJ., concur.