625 So.2d 111 (1993)
Jon Schuyler BROOKS, Appellant,
v.
OCEAN VILLAGE CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 93-204.
District Court of Appeal of Florida, Third District.
October 12, 1993.
Jon Schuyler Brooks, New York City, Whitebook & Smoler and Bruce J. Smoler, Miami, for appellant.
Mark E. Fried, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
Jon Schuyler Brooks appeals an order denying his motion to set aside a default and default judgment. We reverse.
Appellee Ocean Village Condominium Association, Inc., filed a complaint in circuit court against Brooks, the owner of a condominium unit at Ocean Village. Count I sought to foreclose a claim of lien for condominium assessments under section 718.116, Florida Statutes (1991). The asserted amount of the lien was $3,984.44. Count II of the complaint sought damages for the same unpaid amounts. There was correspondence and other communications between the parties which need not be detailed here. Eventually, the trial court entered a default and default judgment. The trial court denied the owner's motion to set aside the default and default judgment, and this appeal has followed.
The initial issue which must be confronted is whether the trial court had jurisdiction. Effective October 1, 1990, section 34.01, Florida Statutes, provides, in part:
34.01 Jurisdiction of County Court. 
... .
(4) Judges of county courts may hear all matters in equity involved in any case within the jurisdictional amount of the county court, except as otherwise restricted by the State Constitution or the laws of Florida.
§ 34.01(4), Fla. Stat. (1991); see Ch. 90-269, § 1, Laws of Fla. This court has recently construed the statute to mean that "a `court of competent jurisdiction' to hear foreclosure actions, which are equitable in nature, now includes the County Court." Nachon Enterprises, Inc. v. Alexdex Corp., 615 So.2d 245, 246 (Fla. 3d DCA), review granted, 626 So.2d 203 (Fla. 1993). In so holding this court impliedly agreed with the rationale of Spradley v. Doe, 612 So.2d 722 (Fla. 1st DCA 1993). We see no way to distinguish the condominium lien foreclosure proceeding involved in the present case from the construction lien involved in Nachon.[1]
Because the amounts at issue in this case were within the jurisdictional limit of the county court, see § 34.01, Fla. Stat. (1991), it follows that the county court had jurisdiction of this case. We conclude that the circuit court was without jurisdiction to enter the *112 default and default judgment. Accordingly, we vacate the default and default judgment, and remand with directions to transfer the case to county court.
In our view some of the owner's alternative arguments for relief from the default have merit. Since the jurisdictional issue is dispositive, however, we need not reach the owner's alternative contentions.
Reversed and remanded with directions.[2]
NOTES
[1] The trial court did not have the benefit of the Nachon decision at the time of the rulings below.
[2] We urge the legislature to take action to correct the conflict now existing between paragraph 26.012(2)(c), Florida Statutes (1991), and subsection 34.01(4), Florida Statutes (1991). See Spradley v. Doe, 612 So.2d 722, 723-24 (Fla. 1st DCA 1993). In our view the statutes prescribing the jurisdiction of the county and circuit courts should be clear and unequivocal.