PER CURIAM.
This is an appeal from a post-judgment order denying a motion to vacate a default judgment. “[I]n order to properly enter a default after a party has appeared, notice of the intention to enter a default must be served on the party.” Zeigler v. Huston, 626 So.2d 1046, 1048 (Fla. 4th DCA 1993), and cases cited therein. An appearance occurs when a party files a paper in the action. Picchi v. Barnett Bank of South Florida, N.A., 521 So.2d 1090, 1091 (Fla.1988).
In the instant case, defendants’ timely service of a letter on plaintiff constituted a paper served within the meaning of Florida Rule of Civil Procedure 1.500 and entitled the defendants to be notified of the application for default. E.g., Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985). Defendants did not receive the required notice.
Because the original grant of a default in the instant case failed to meet due process requirements, we remand to the trial court to enter an order vacating the default.
REVERSED AND REMANDED.
GUNTHER and STEVENSON, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.