PER CURIAM.
This case is before us on remand from Ocean Village Condominium Association, Inc. v. Brooks, 649 So.2d 230 (Fla.1995), quashing Brooks v. Ocean Village Condominium Association, Inc., 625 So.2d 111 (Fla. 3d DCA 1993). The Florida Supreme Court’s opinion resolves the jurisdictional question which was the basis of this court’s earlier decision, and remands for further proceedings in this court. 649 So.2d at 231; see also 625 So.2d at 112 (leaving open Brooks’ alternative arguments for relief).
Brooks is the owner of a condominium unit at Ocean Village Condominium. Appellee Ocean Village Condominium Association, Inc., filed a complaint to foreclose a claim of lien for condominium assessments under section 718.116, Florida Statutes (1991). The trial court entered a default and default judgment. Brooks moved to set aside the default and the judgment entered thereon. The motion was denied, and Brooks has appealed.
We conclude that the motion to set aside the default should have been granted. The Association served Brooks with process on July 2, 1992. On July 3, 1992 Brooks wrote to the manager of the condominium association detailing his version of the facts regarding his account for maintenance fees. The letter asserts that Brooks had paid all of the fee statements, but that one of the cheeks had evidently miscarried. He sent with the letter a replacement cheek. A copy of the letter was sent to the office of counsel representing the condominium association.[1]
On August 17, 1992 the association transmitted a motion and order for entry of default to the trial court. This was an ex parte application for entry of default.
The trial court entered an order of default on August 21, 1992. On August 21, the motion for default and the default order were served by mail on Brooks, who resides in New York. Thereafter, final judgment was entered in favor of the association, following which Brooks moved to set aside the default and default judgment.
We reverse because the application for default should not have been made ex parte. Florida Rule of Civil Procedure 1.500(b) provides that when a defending party “has filed or .served any paper in the action, that party shall be served with notice of the application for default.” (Emphasis added). Under the decided cases, the letter sent by Brooks in response to the complaint was a “paper” for purposes of Rule 1.500(b). Zephyr Aviation Servs., Inc. v. Amerijet Int’l, Inc., 631 So.2d 371, 372 (Fla. 4th DCA 1994); Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813, 816 (Fla. 1st DCA 1989); EGF Tampa Assoc’s v. Edgar V. Bohlen, G.F.G.M. A.G., 532 So.2d 1318, 1321 (Fla. 2d DCA 1988); Crocker Invs., Inc. v. Statesman Life Ins. Co., 515 So.2d 1305, 1307 (Fla. 3d DCA 1987), review denied, 525 So.2d 877 (Fla.1988); Reicheinbach v. Southeast Bank, N.A, 462 So.2d 611, 612 (Fla. 3d DCA 1985); Terino Bros., Inc. v. Airey, 364 So.2d 768, 770 (Fla. 2d DCA 1978); cf. Picchi v. Barnett Bank of South *277 Florida, N.A, 521 So.2d 1090, 1091 (Fla.1988) (effect of filing notice of appearance). The order denying relief from the default and default judgment must be reversed. See Reicheinbach, 462 So.2d at 612; Kiaer v. Friendship, Inc., 376 So.2d 919, 922 (Fla. 3d DCA 1979); Fla.R.Civ.P. 1.500(d).
Reversed and remanded.[2]

. There was also an oral agreement for an extension of time to answer the complaint. However, the parties' affidavits are in conflict regarding the length of the extension of time. We need not explore that issue in order to resolve this appeal.

. Brooks has asserted in this court that the notice of intent to foreclose the lien was deficient under subsection 718.116(6), Florida Statutes (1991). We express no view on the merits of that argument, which is a matter that should be asserted by way of defense below.