670 So.2d 170 (1996)
YELLOW JACKET MARINA, INC., Richard Corbin, (individually and as Trustee for Richard E. Corbin and Corbin Trusts); Florida River Boats, Inc., and Suwannee Belle, Inc., Appellants,
v.
Tim PALETTI and Mark Paletti, Appellees.
No. 94-983.
District Court of Appeal of Florida, First District.
March 25, 1996.
*171 Kyle L. Redfearn of John A. Barley & Associates, P.A., Tallahassee, for Appellants.
Thomas A. Boyer, Jr., Orlando, for Appellees.
MICKLE, Judge.
This is an appeal from an order denying appellants' motion to set aside an order granting appellees' motion for default. We reverse.
It is fundamental that when a party against whom affirmative relief is sought has appeared in an action by filing or serving papers, that party shall be served with notice of the application for default as required by Florida Rule of Procedure 1.500(b). See Brooks v. Ocean Village Condominium Assoc., Inc., 656 So.2d 275 (Fla. 3d DCA 1995); Mesones v. Jabbour, 639 So.2d 1000 (Fla. 4th DCA 1994); Zeigler v. Huston, 626 So.2d 1046 (Fla. 4th DCA 1993); Clark v. Perlman, 599 So.2d 710 (Fla. 1st DCA 1992); Clearvalle, Inc. v. Cohen, 561 So.2d 1354 (Fla. 4th DCA 1990). A violation of rule 1.500(b) warrants the setting aside of a default without consideration of whether or not a meritorious defense was presented or whether excusable neglect was established. See Cohen v. Barnett Bank of South Florida, 433 So.2d 1354 (Fla. 3d DCA 1983); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980). In the instant case, appellants filed an answer to the original counterclaim and cross-claim and filed a motion for more definite statement following receipt of the amended counterclaim and cross-claim, thus entitling them to notice of the application for default and an opportunity to be heard thereon. Appellees' ore tenus motion for default submitted at the summary judgment hearing, and simultaneous written motion filed therewith, did not constitute adequate notice. Because the original grant of a default in the instant case failed to meet due process requirements, we reverse the order denying the motion to set aside default, as well as the subsequent summary judgment entered thereon. See Hully v. Hully, 653 So.2d 1138 (Fla. 2d DCA 1995) (failure to serve a notice of motion for default prior to oral motion for same warrants setting aside of order granting default).
It is not necessary to discuss appellants' additional grounds for reversal.
REVERSED and REMANDED.
ERVIN and LAWRENCE, JJ., concur.