687 So.2d 941 (1997)
INTERNATIONAL ENERGY CORP., a Florida Corporation, Appellant,
v.
Darrel HACKETT and Ralph Dwake, Appellees.
No. 96-2200.
District Court of Appeal of Florida, Third District.
February 12, 1997.
*942 Kelley Drye & Warren LLP and John G. Immer, Miami, for appellant.
Evan Jay Byer, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and GREEN, JJ.
GREEN, Judge.
International Energy Corporation ("International") appeals a default final judgment, an order denying motion to vacate the same and an order transferring title to real property to appellees; all which were entered as a result of International's failure to file its pre-trial catalogue and appear, through counsel, at calendar call. We reverse all orders under review where the record reflects that the default final judgment was entered without notice to International as required by Rule 1.500(b), Fla. R. Civ. P.
The appellees filed an action for specific performance against International wherein they sought to compel International to sell them a condominium unit in accordance with a purchase and sale agreement between the parties. Once this case was properly at issue, it was noticed for non-jury trial and the court sent its Uniform Order Setting Cause for Non-Jury Trial to the parties. This Uniform Order required, among other things, the parties to file their respective pre-trial catalogue no later than November 2, 1995 and directed counsel for both parties to appear at the court's calendar call on December 21, 1995. The Uniform Order further admonished, in relevant part, that:
Failure to appear as directed or to otherwise strictly comply with the terms of this order may result in sanctions, including dismissing the action, striking the pleadings, limiting proof or witnesses or taking any other appropriate action.
Although counsel for appellees did file their pre-trial catalogue (albeit untimely) and did attend the scheduled calendar call, counsel for International did neither. Thereafter, on January 18, 1996, a default final judgment was entered against International for its failure to file its pre-trial catalogue and its counsel's failure to attend the calendar call. Prior to its entry, no written motion or application for default judgment had been made to the court by the appellees. Thus, it is unknown from the record whether the court sua sponte entered this judgment or whether the court entered this judgment based upon an ore tenus motion made by appellees' counsel at calendar call. In any event, International promptly moved to vacate the default final judgment upon its receipt but the motion was denied. International then moved for rehearing and appellees moved for the transfer of title to the subject real property. When the court denied International's motion for rehearing and granted appellees' motion to transfer title, this appeal followed.
It is fundamental and well-established *943 under Rule 1.500(b)[1] that when a party against whom affirmative relief is sought has appeared in the action by filing or serving any papers, no default may be entered against such party without prior notice of the application for default. Yellow Jacket Marina, Inc. v. Paletti, 670 So.2d 170, 171 (Fla. 1st DCA 1996); Powers v. Gentile, 662 So.2d 374, 375 (Fla. 5th DCA 1995); Brooks v. Ocean Village Condominium Ass'n, Inc., 656 So.2d 275, 276 (Fla. 3d DCA 1995); Zeigler v. Huston, 626 So.2d 1046, 1048 (Fla. 4th DCA 1993); Neder v. Greyhound Financial Corp., 592 So.2d 1218, 1218 (Fla. 1st DCA 1992); Clearvalle, Inc. v. Cohen, 561 So.2d 1354, 1354 (Fla. 4th DCA 1990). Moreover, any default entered in violation of the due process notice requirement of Rule 1.500 must be set aside without any regard as to whether a meritorious defense is presented or excusable neglect is established. Yellow Jacket Marina, Inc., 670 So.2d at 171; see also Hyman v. Canter, 389 So.2d 322 (Fla. 3d DCA 1980) (holding where order of default is found to be invalid, defendant need not show meritorious defense). Put another way, the "failure to produce proof of service of the required notice of application for default alone renders the entry of a default judgment erroneous." Clearvalle, Inc., 561 So.2d at 1354 (citations omitted).
The appellees do not contest the fact that International was entitled to receive notice, but assert essentially that the court's admonition in its Uniform Order that any noncompliance might result in the imposition of sanctions, including dismissal, satisfied the notice requirement under Rule 1.500(b). We disagree. Even if the Uniform Order had specifically listed default as a possible sanction for noncompliance, notice and opportunity to be heard must still be given to the defending party for a determination of whether the noncompliance was willful or in bad faith. Neder, 592 So.2d at 1218 ("Although the order which appellant failed to comply with threatened dismissal for noncompliance, notice must still be given."); Clearvalle, Inc., 561 So.2d at 1354 (finding entry of default made on an ore tenus motion by appellee at docket call when appellants were not present error).
We therefore reverse all of the orders under review and remand for further proceedings.
Reversed.
NOTES
[1] That rule provides that:

When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default. (emphasis added).