PER CURIAM.
The order of default entered against the Department of Transportation (DOT) is reversed because “[i]t is fundamental that when a party against whom affirma *644 tive relief is sought has appeared in' any action by filing or serving ‘papers,’ that party shall be served with notice of the application for default as required by Florida Rule of Civil Procedure 1.500(b).” Yellow Jacket Marina, Inc. v. Paletti, 670 So.2d 170, 171 (Fla. 1st DCA 1996). International Energy Corp. v. Hackett, 687 So.2d 941 (Fla. 3d DCA Feb. 12, 1997); Maranto v. Dearborn, 687 So.2d 940 (Fla. 3d DCA Feb. 12, 1997); Clark v. Perlman, 599 So.2d 710 (Fla. 1st DCA 1992). In the instant case, the defendant, DOT, had previously filed papers in this action but was not served with notice of Mastrangelo’s application for default as required by Florida Rule of Civil Procedure 1.500(b). Cf. Fierro v. Lewis, 388 So.2d 1361 (Fla. 5th DCA 1980) (while rule 1.500(b) requires service of the notice of default, it does not require a noticed hearing for the entry of a default order against a party who fails to plead or otherwise defend). We note, additionally, that DOT filed a response in the form of a motion to dismiss before Mastran-gelo presented her motion for default. See Carillon Corp. v. Devick, 554 So.2d 630 (Fla. 4th DCA 1989) (default judgment improper where party filed answer before hearing on motion for default).
The default order entered against DOT is reversed.
REVERSED.
PETERSON, C.J., and THOMPSON and ANTOON, JJ., concur.