697 So.2d 573 (1997)
AMERICANA ASSOCIATES, LTD., etc., Appellant,
v.
Thelemaque COLEUS, Appellee.
No. 96-3313.
District Court of Appeal of Florida, Fifth District.
August 1, 1997.
Clement L. Hyland of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for Appellant.
Jeffrey M. Byrd of Blumenthal, Schwartz & Garfinkel, P.A., Maitland, for Appellee.
ANTOON, Judge.
Americana Associates (Americana) appeals the trial court's order denying its motion to set aside the default entered by the clerk in favor of Thelemaque Coleus (Coleus).[1] The default was properly entered by the clerk because Americana failed to serve or file a paper in the action. Accordingly, we affirm.
In May of 1996, Coleus filed a personal injury lawsuit against Americana. In the complaint, he alleged that Americana owned, operated, and managed an apartment complex in Orlando and that he was a tenant in the complex. Coleus further alleged that, in March of 1995, an electrical fire started in the complex, forcing him to jump from a second-story window. As a result, he sustained permanent bodily injury.
Coleus hired counsel immediately after the fire. On April 11, 1995, Coleus' counsel provided Nationwide, Americana's insurer, with notice that Coleus was represented by counsel and would be seeking compensation for his injuries from Americana. Correspondence then ensued between Nationwide employees and Coleus' counsel, including eight letters between May 1995 and June 1996. The letters were essentially a series of demands for coverage by Coleus and denials of liability by Nationwide.
As noted above, on May 7, 1996, Coleus filed suit against Americana. On June 5, a *574 Nationwide employee sent a final letter to Coleus' counsel, explaining that Nationwide refused to reevaluate its denial of liability and had placed Americana on notice of a potential lawsuit by Coleus. On July 15, Coleus served Americana's registered agent with process. Finally, on August 12, Coleus filed a motion with the clerk of court requesting that a default be entered against Americana for its failure to serve any paper in the action. On that date, the clerk entered a default against Americana.
After the default had been entered, Coleus requested a jury trial on the issue of damages. Once the trial court entered its order setting the matter for trial, Americana became aware of the default. Nationwide later filed a motion requesting that the trial court set aside the default and allow it to defend on the merits.[2] At the hearing, Nationwide argued that the June 5 letter constituted a paper served in the action; therefore, Coleus was required to provide Americana with notice of his intent to seek a default. Since Coleus failed to give such notice, Nationwide contended that the default should be set aside. The trial court denied the motion. This appeal followed.
Rule 1.500 of the Florida Rules of Civil Procedure provides:
RULE 1.500 DEFAULTS AND FINAL JUDGMENTS THEREON
(a) By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default.
The procedure set forth in rule 1.500 is reflective of Florida's policy favoring resolution of cases on their merits. Although the rule provides a plaintiff with the means to prosecute a case against a defendant who refuses to respond, it also provides a safety net for a defendant who believes that he or she has answered a complaint or is making good faith efforts to resolve the matter through negotiation. To these ends, section (a) of the rule provides that the clerk may enter a default if the defendant has failed to file or serve any paper in response to the summons. On the other hand, section (b) provides that if a party or a party's attorney has filed or served a paper, a default can be entered by the court only after the defendant has been given notice of the application for default. Section (b) "is premised on the notion that such paper indicates an intention by the defendant to defend on the merits and that due process considerations require such notice if the plaintiff intends to proceed and hold the defendant within the time constraints in the rules of procedure." Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813, 816 (Fla. 1st DCA 1989).
Florida courts have liberally construed the term "any paper" in furtherance of the policy of permitting defendants to defend on the merits when such paper has been filed or served by a party or a party's attorney.[3] *575 The policy of allowing cases to proceed on their merits is further reflected in the first district's ruling in Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813 (Fla. 1st DCA 1989), that "notice of an application for default should always be served when the plaintiff is aware that a defendant is being represented by counsel who has expressed an intention to defend on the merits." 543 So.2d at 813. The court explained that a "default is a procedural matter within the control of the attorney, so plaintiff's counsel should contact the attorney known to be representing a defendant to determine whether the latter intends to proceed in the matter before causing a default to be entered." Id.
However, the result urged by Americana in this appeal would go beyond the liberal lines drawn by our courts determining the application of rule 1.500(b). In this regard, Americana maintains that the clerk's default must be vacated, but does not argue that either Americana or Americana's attorney filed or served "any paper" in this action. In fact, Americana concedes that the June 5 letter to Coleus' counsel was from a Nationwide employee acting as an insurance adjuster. The letter denied liability and advised:
We have put our insured on notice of a potential lawsuit, as you have filed a Civil Suit with the Clerk's office. Our Trial Division will be handling this matter, should you choose to proceed in this action. Our local counsel is on notice of this suit and is prepared to respond once service is effected.
This letter does not constitute a "paper in the action" so as to trigger the notice requirements of rule 1.500(b) because the Nationwide employee who authored the June 5 letter was neither a party nor counsel for a party. Accordingly, since Americana never served any paper at any time on anyone until the matter was set for trial on damages in October of 1996, it was proper for the court clerk to enter a default against Americana and for the trial court to deny Americana's motion to vacate the default.
AFFIRMED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] This court has jurisdiction pursuant to rule 9.130(a)(3)(c)(iv) of the Florida Rules of Appellate Procedure.
[2] This was not a motion to set aside a default under rule 1.540(b)(1) of the Florida Rules of Civil Procedure relying on grounds of "mistake, inadvertence, surprise, or excusable neglect."
[3] See EGF Tampa Associates v. Edgar V. Bohlen, 532 So.2d 1318 (Fla. 2d DCA 1988) (letter from out-of-state attorney who was not member of Florida Bar to counsel for plaintiffs in which attorney asserted various defenses in suit to recover on mortgaged note was sufficient to trigger rule requiring notice of application for default); J.A.R., Inc. v. Universal American Realty Corp., 485 So.2d 467 (Fla. 3d DCA 1986)(tenant's letter to landlord, which was styled as a defense to landlord's complaint to terminate lease, was sufficient to require the defendant be served with notice of application for default judgment); Reicheinbach v. Southeast Bank, 462 So.2d 611 (Fla. 3d DCA 1985)(where letter confirming bank's agreement to extension of time was served upon bank within time agreed upon by bank, letter fulfilled rule requiring that, when paper is served prior to entry of default, party against whom default is sought must be served with notice of application for default). See also Ziff v. Stuber, 596 So.2d 754 (Fla. 4th DCA 1992)(court clerk could not properly enter a default pursuant to plaintiff's application after the defendant filed a paper requesting the trial court for additional time to respond); NCR Corp. v. Cannon & Wolfe Lumber Co., Inc., 501 So.2d 157 (Fla. 1st DCA 1987)(a letter drafted and signed by a paralegal employed by defendant's counsel acknowledging a telephone conversation with plaintiff's counsel in which defendant was granted an additional twenty days to respond to the thirdparty complaint qualified as a paper for purposes of the rule).