802 So.2d 479 (2001)
John GERACI, Appellant,
v.
PREFERRED CAPITAL MARKETS, INC., Appellee.
No. 3D01-2041.
District Court of Appeal of Florida, Third District.
December 26, 2001.
*480 Richard and Richard, P.A. and Richard Sarafan, Miami, for appellant.
Heller and Chames, P.A., and Jonathan A. Heller, and Judith L. Gelber; Jay M. Levy, Miami, for appellee.
Before SCHWARTZ, C.J., and GREEN and SHEVIN, JJ.
GREEN, J.
John Geraci appeals an order denying his motion to set aside default and default final judgment in this action brought by Preferred Capital Markets, Inc. ("Preferred Capital") for the alleged non-payment of rent and failure to make payments on a promissory note. Both the default and default final judgment were entered without notice to Geraci. Geraci asserts that the default should not have been entered against him where he had previously served on Preferred Capital's legal counsel, a pro se paper in defense of these claims, and that, in any event, he was entitled to notice of the application for default and final default judgment. We agree. Accordingly, we reverse and remand for further proceedings.
According to the averments in Geraci's unrefuted affidavit made in support of his motion to set aside default and default final judgment, Preferred Capital filed an eviction action against Geraci in Miami-Dade County Court on August 28, 2000, for the non-payment of rent. Service of this suit was effectuated by posting a copy of the complaint on Geraci's office door.
Preferred Capital simultaneously brought the instant action against Geraci in the circuit court for his alleged failure to pay rent in the amount of $36,658.79 and for his failure to make payments on a promissory note in the amount of $180,000. Geraci was personally served with the summons and complaint in this action, but he did not appreciate the fact that this action was separate and apart from the eviction action pending against him in the county court.
Acting pro se, Geraci timely filed an answer to the eviction action in the county court case denying the allegations concerning the unpaid rent and served a copy upon counsel for Preferred Capital. At or about the same time, Geraci filed with the clerk's office and served upon counsel for Preferred Capital another paper specifically denying the allegation in the circuit court complaint that $36,658.70 was owing and due as unpaid rent. Geraci attached copies of canceled checks showing payment of the bulk of the rent being claimed to this paper. However, since Geraci did not realize that there were two separate cases pending against him under two separate case numbers, this paper with the attachments referenced the county court case number and was mistakenly filed in the county court eviction action rather than the circuit court action below.
On October 5, 2000, Preferred Capital filed a motion for default in the circuit court action without notice to Geraci. Default was entered by the clerk of the court on the same day. Thereafter, the trial court below, again without notice to Geraci, entered a final default judgment. The default final judgment was then mailed to Geraci.
When Geraci received the default final judgment, he immediately wrote a letter to the trial judge below in which he questioned the propriety of the default final judgment where he had filed an answer on September 6, 2000, along with copies of the canceled checks. Geraci also requested permission to appear before the court to settle the matter. This letter, however, mistakenly referenced the county court case number rather than the circuit court case number.
*481 The circuit court below never received Geraci's letter. Apparently, after the clerk's office noted the discrepancy between the circuit judge's name and the county court case number, the circuit judge's name was crossed-out and the county judge's name was inserted in its place. The letter was then forwarded to the county court judge on or about October 18, 2000.
In response to Geraci's letter, the county court judge issued a letter to both Geraci and Preferred Capital advising them that a default final judgment had not been entered against Geraci in the county court action and that the case would be rescheduled for trial after October 28, 2000. Upon receiving this correspondence from the court, Geraci concluded that the default final judgment had been entered erroneously and awaited his day in court. Counsel for Preferred Capital, regrettably did not step forward to clarify this obvious confusion on the part of Geraci.
Rather, Preferred Capital's counsel thereafter commenced discovery in aid of execution on the default final judgment entered in this action. At this juncture, Geraci retained legal counsel and learned for the first time that there were two separate cases pending against him in two separate courts regarding the same unpaid rent. On May 17, 2001, Geraci's counsel filed a motion to set aside default and default final judgment, together with a supporting affidavit and exhibits. According to the unrefuted averments, Geraci served a paper upon Preferred Capital's legal counsel denying the rent obligations being sued upon in the circuit court case well before the clerk's default was entered and Preferred Capital's counsel knew that Geraci intended to defend and deny these allegations contained in the circuit court complaint. The trial court reserved ruling on the motion at the conclusion of the hearing. The motion was later denied and this appeal was filed.
Geraci argues that pursuant to Florida Rule of Civil Procedure 1.500, he was entitled to receive notice of the application for default and default final judgment where he had previously served a paper upon plaintiff's counsel denying key allegations in the complaint. As such, the trial court's denial of his motion to set aside default and default final judgment constituted an abuse of discretion. We agree.
Florida Rule of Civil Procedure 1.500(a) specifies when the clerk of court may enter default against a party. That rule provides that:
When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
Florida Rule of Civil Procedure 1.500(b) governs defaults entered by the court as opposed to the clerk. It provides that:
When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action that party shall be served with notice of the application for default.
It is clear from these rules that the clerk may not enter default against a defendant who has filed or served any paper in the action and that notice of any application for default must be provided to such a defendant. See EGF Tampa Assocs. v. Edgar V. Bohlen, 532 So.2d 1318 (Fla. 2d DCA 1988); J.A.R., Inc. v. Universal Am. Realty Corp., 485 So.2d 467 (Fla. 3d DCA *482 1986); Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985). Moreover, Florida courts have given a liberal construction to the term "any paper" used in this rule in furtherance of the policy permitting defendants who have either filed or served a paper to defend on the merits. See Americana Assocs., Ltd. v. Coleus, 697 So.2d 573, 574 (Fla. 5th DCA 1997). For example, a letter by a defendant is sufficient to trigger notice of application for default under the rule. See e.g. Mesones v. Jabbour, 639 So.2d 1000 (Fla. 4th DCA 1994) (defense counsel's letter confirming denial of extension to answer); EGF Tampa Assocs., supra (counsel's letter seeking clarification of certain information in lawsuit); NCR Corp. v. Cannon & Wolfe Lumber Co., Inc., 501 So.2d 157 (Fla. 1st DCA 1987) (letter from defense counsel's paralegal requesting extension of time); J.A.R., Inc., supra (letter from tenant to landlord).
In accordance with these principles and Rule 1.500, we conclude that Geraci's September 6, 2000 paper to appellee's counsel, denying that Geraci owed $36,658.70 in unpaid rent to Preferred Capital as alleged in this action, was sufficient to preclude the entry of default by the clerk and was sufficient to trigger the notice requirement to Geraci of any application for default. The fact that Geraci may have erroneously referenced the county court eviction action number on this paper or failed to specifically address the allegations about the promissory note is of no moment. The substance of this paper clearly put Preferred Capital's legal counsel on notice that Geraci intended to mount a defense to the action below. See Rapid Credit Corp. v. Sunset Park Centre, Ltd., 566 So.2d 810, 811 (Fla. 3d DCA 1990). Having received this paper from Geraci, it was therefore inappropriate for Preferred Capital to proceed with application for default and default final judgment, particularly without notice to Geraci. The lower court's refusal to set aside the default and default final judgment under these circumstances constituted an abuse of discretion. Accordingly, we reverse and remand for vacation of the default and default final judgment, and for further proceedings consistent with this opinion.
Reversed and remanded.