807 So.2d 693 (2002)
GREEN SOLUTIONS INTERNATIONAL, INC., Appellant,
v.
Patrick G. GILLIGAN, et al., Appellees.
Nos. 5D00-3345, 5D01-1023, 5D01-1479.
District Court of Appeal of Florida, Fifth District.
January 18, 2002.
Rehearing Denied February 25, 2002.
*694 Charles M-P George and Peter V. Fullerton of Carlton, Fields, P.A., Miami, for Appellant.
Patrick G. Gilligan of Gilligan, King & Gooding, P.A., Ocala, for Appellees.
LAMBERT, BRIAN D., Associate Judge.
In this consolidated appeal, Green Solutions, Inc. ("GSI"), contends that the trial court erred when it failed to set aside a clerk's default and subsequently entered a final summary judgment in favor of the appellees, Patrick G. Gilligan and Gilligan, King & Gooding, P.A. ("Gilligan").
GSI was involved in separate litigation with a company known as Web-Away, Inc. Gilligan is Web-Away's counsel. Web-Away had also separately contracted with a company known as Natural Laboratories, Inc. (NLI) whereby Web-Away agreed to sell its assets to NLI in exchange for 25% of NLI stock. Because the pending litigation between GSI and Web-Away potentially affected NLI's ability to close its transaction with Web-Away, NLI requested a release from GSI. GSI agreed to execute the release in favor of NLI as long as the NLI stock being transferred to Web-Away was placed in escrow pending resolution of the litigation between GSI and Web-Away. All parties agreed and further agreed that Gilligan would be designated as escrow agent.
*695 Gilligan took possession of the NLI stock in accordance with the escrow agreement. He was required to hold the NLI stock and not disburse it unless specifically directed by the three parties to the escrow agreement or by a court of competent jurisdiction pursuant to a valid court order. Some time after the stock was escrowed, NLI and Web-Away entered into a separate agreement in which they basically agreed to rescind their prior purchase agreement, agreed to release each other from any and all claims arising out of their original agreement and agreed that Web-Away's assets would be returned to Web-Away and the NLI stock would be returned to NLI.
Web-Away and Natural Laboratories requested that Gilligan, as escrow agent, return the escrowed stock to Natural Laboratories. Appellant, GSI, objected. Gilligan then filed a complaint for interpleader and declaratory judgment requesting that the circuit court determine the rightful owner of the escrowed stock and direct Gilligan to deliver the stock to the owner. Gilligan also sought an award of attorney's fees and costs, as permitted under the escrow agreement.
Peter Fullerton is the Registered Agent, counsel and part-owner of GSI. On June 15, 2000, as Registered Agent, he was served with process on behalf of GSI, thereby triggering the 20 day period for GSI to respond to the interpleader complaint. See Florida Rules of Civil Procedure 1.140(a). On June 15, 2000, Fullerton also faxed a letter to Gilligan confirming that he would accept service of process of the complaint filed. In response, Gilligan, not knowing service had been obtained, mailed Fullerton another copy of the interpleader complaint as well as a document, for signature by Fullerton, accepting service of process on behalf of GSI. Fullerton received the acceptance of service of process and an additional copy of the complaint but never executed and/or filed the acceptance with the clerk of court.
GSI's answer or other reply was due on July 5, 2000. On July 13, 2000, 28 days after GSI was properly served with process, Fullerton, on behalf of GSI, faxed a letter to Gilligan stating: "... given the confusion concerning service of the Interpleader Complaint, we are unsure as to when a responsive pleading is due. I am out of town through Monday, July 17, 2000. Therefore, I intend to serve a responsive pleading by or before Thursday, July 20, 2000".
On July 17, 2000, Gilligan mailed a letter to Fullerton responding that there had been no confusion about service of process and that he (Gilligan) was filing a motion for a default to be entered by the clerk of court. Fullerton, whose office is in Miami, Florida, did not receive Gilligan's letter or the motion for default prior to the entry of the default by the clerk on July 18, 2000.
On August 8, 2000, Appellee moved for the entry of a final summary judgment requesting, in essence, that the court direct the escrowed stock be returned to NLI. Gilligan asserted that there was no genuine issue of material fact and that, as interpleader, he was entitled to summary judgment as a matter of law because two of the defendants, Web-Away and NLI, in their answer, agreed that the escrowed stock should be returned to NLI and that the third defendant, GSI, by virtue of the clerk's default, had no defenses to the motion.
The hearing on the motion for summary judgment was scheduled for September 28, 2000. On September 27, 2000, GSI filed a motion to set aside the default arguing that the clerk's default was improperly entered because a "paper" had been served on appellee prior to the motion for default being filed. At the September 28, *696 2000 hearing, the trial court did not specifically rule on appellant's motion to set aside the default but did enter the summary final judgment in favor of appellee which became the subject of the initial appeal. Thereafter, this court relinquished jurisdiction to allow the trial court to specifically enter an order on the appellant's motion to set aside default. The trial court entered an order denying the appellant's motion to set aside the default and these consolidated appeals ensued.
Rule 1.500 of the Florida Rules of Civil Procedure provides:
Rule 1.500 Defaults and Final Judgments Thereon
(a) By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the Clerk enter a Default against the party failing to serve or file such paper.
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these Rules or any applicable Statute or any Order of Court, the Court may enter a Default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default.
Appellant asserts that, as a result of attorney Fullerton's July 13, 2000 letter, appellee was on notice that appellant, GSI, was being represented by counsel who had expressed an intent to defend on the merits and therefore, Rule 1.500(b) required that Gilligan give proper notice of the motion for default, see Department of Transportation v. Mastrangelo, 691 So.2d 643 (Fla. 5th DCA 1997), and the failure to do so is reversible error.
We find that the July 13, 2000 letter from attorney Fullerton, on behalf of GSI, constituted a "paper" in accordance with Rule 1.500(b) which had been served upon appellee before appellee applied for the entry of the default by the clerk of court. Florida courts have a long-standing policy of favoring resolution of cases on their merits rather than by default and have liberally construed the term "any paper" when such a paper has been filed or served by the party's attorney. See Americana Associates, Ltd. v. Coleus, 697 So.2d 573 (Fla. 5th DCA 1997); Gulf Maintenance and Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813 (Fla. 1st DCA 1989). Once "any paper" has been served, Rule 1.500(b) requires that proper notice of the application for default be given to the opposing party and that the court, not the clerk, enter any default. See id. at 816; see also Ziff v. Stuber, 596 So.2d 754 (Fla. 4th DCA 1992). Gilligan, having been placed on notice that appellant intended to defend the action, was obligated to provide proper notice to GSI of his intent to apply for a default and present the motion to the court, not the clerk, for entry. Under these circumstances, the default entered by the clerk of court was void. We also find that Gilligan's motion for default, dated July 17, 2000, does not meet the due process requirements of Rule 1.500(b), especially in light of the default being entered by the clerk the following day. Since the default was void, it became unnecessary for the appellant to demonstrate the existence of a meritorious defense, excusable neglect and due diligence in moving to set aside the default. See International Energy Corp. v. Hackett, 687 So.2d 941 (Fla. 3rd DCA 1997); Gulf Maintenance, supra, at 817; Yellow Jacket Marina, Inc. v. Paletti, 670 So.2d 170 (Fla. 1st DCA 1996); Powers v. Gentile, 662 So.2d 374 (Fla. 5th DCA 1995).
*697 Because the trial court committed error in failing to set aside the void default, we reverse. Accordingly, since the final summary judgment entered against the appellant was based upon the invalid default, we must also reverse the final summary judgment, including the award of attorney's fees and costs, and remand with directions to the trial court to vacate the default and summary judgment and allow the appellant to file an answer or other response to the complaint.
Though we have reversed this case for the reasons set forth above, we understand Gilligan's frustrations with the apparent gamesmanship of attorney Fullerton on behalf of GSI. Fullerton somewhat disingenuously wrote the July 13, 2000 letter to Gilligan referring to the "confusion" regarding service of process. In reality, Fullerton was aware, on June 15, 2000, that service of process upon GSI had been completed. If he was unable to file a timely response to the complaint, he could have asked Gilligan for an extension of time to respond or sought relief from the trial court within twenty days from the date of service. Instead, Fullerton claimed confusion as to service of process when no confusion existed and unilaterally extended his time to respond by his "paper". We agree with Judge Glickstein's concurring opinion in Mesones v. Jabbour, 639 So.2d 1000 (Fla. 4th DCA 1994) in which he expressed frustration that a defendant's attorney could basically serve any "paper" triggering the notice requirement of Rule 1.500(b), leading to additional unwarranted delay. He urged trial courts to consider imposing sanctions upon lawyers who engage in the "abuse of process" which the paper in that case represented.
By our opinion, we do not foreclose the trial judge below from considering whether the initial "paper" served by Fullerton constituted an "abuse of process" justifying the imposition of sanctions against appellant and/or its counsel. See Picchi v. Barnett Bank of South Florida, 521 So.2d 1090 (Fla.1988). Nor do we, by this opinion, preclude the trial court from awarding attorney's fees and costs to the appellee.
REVERSED AND REMANDED.
SHARP, W., and HARRIS, JJ., concur.