PER CURIAM.
Daniel D. Strader challenges the trial court’s order denying his motion to set aside a default entered against him. Strader maintains he had insufficient notice of the application for default filed by the Grothes after he failed to answer their second amended complaint. We agree that the trial court erred in entering a default against Strader without allowing him sufficient time to respond. See Cohen v. Barnett Bank of S. Fla., N.A., 433 So.2d 1354 (Fla. 3d DCA 1983) (holding that a party who files “any paper” as provided in Florida Rule of Civil Procedure 1.500(b) is entitled to notice of any application for default and a reasonable time to respond prior to entry of default). Accordingly, we reverse the final judgment of default as well as the judgments entered pursuant to that default and remand for further proceedings. The Grothes have cross-appealed the trial court’s denial of their motion for summary judgment. We affirm this order without comment.
*1230 Reversed and remanded; cross-appeal affirmed.
WHATLEY, SALCINES, and KELLY, JJ., Concur.