# Third District Court of Appeal

## State of Florida

Opinion filed November 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1799
Lower Tribunal No. 17-1192
_____

**Blasino Falcon,**
Appellant,

vs.

**Wilmington Savings Fund Society, FSB,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Legal Services of Greater Miami, Inc., and Jacqueline C. Ledon and Jeffrey M. Hearne, for appellant.

Kelley Kronenberg, and Jacqueline Costoya (Fort Lauderdale), for appellee.

Before ROTHENBERG, C.J., and SALTER and LOGUE, JJ.

LOGUE, J.

The Borrower, Blasino Falcon, appeals the trial court's entry of a final judgment in favor of the Lender, Wilmington Savings Fund Society, FSB. Because

the judicial default was entered against the Borrower without allowing the Borrower a meaningful amount of time to respond to the motion for default, we reverse.

## Factual Background

The Lender filed a foreclosure action against the Borrower on January 17, 2017. Thereafter, the Borrower, asserting that he was in the process of obtaining counsel, filed a pro se motion for extension of time to respond to the complaint. The Lender did not oppose the extension of time and, as a result, the response to the complaint became due on March 23, 2017. Approximately six days after the due date, on March 29, 2017, the Borrower's counsel filed a notice of appearance. However, counsel neither moved for another extension of time nor filed a responsive pleading.

On March 31, 2017, roughly one week after the responsive pleading was due pursuant to the extension, the Lender moved for judicial default. The motion for default was filed at 7:08 a.m. on the morning of March 31, 2017. At approximately 9:30 a.m. that same day, the trial court entered the default. Based upon the certificates of service, copies of the motion and the order of default were served upon the Borrower's counsel.

On May 4, 2017, the trial court entered a sua sponte order setting the trial in the case for July 7, 2017. The Borrower, on June 8, 2017, filed his motion to set

2

aside the default, arguing that the default had been entered in violation of his due process rights. The Borrower did not provide an explanation for his delay in moving to vacate the default.

The following week, the Lender filed its motion for summary judgment and request for attorney's fees. The trial court heard the motion to set aside the default on July 6, 2017, but denied the motion. At the final hearing on July 7, 2017, the trial court, given the prior default, entered the final judgment of foreclosure against the Borrower. This appeal follows.

Under Florida law, "[i]t is fundamental that when a party against whom affirmative relief is sought has appeared in an action by filing or serving papers, that party shall be served with notice of the application for default as required by Florida Rule of Civil Procedure 1.500(b)." Yellow Jacket Marina, Inc. v. Paletti, 670 So. 2d 170, 171 (Fla. 1st DCA 1996); see Int'l Energy Corp. v. Hackett, 687 So. 2d 941, 943 (Fla. 3d DCA 1997) ("[W]hen a party against whom affirmative relief is sought has appeared in the action by filing or serving any papers, no default may be entered against such party without prior notice."). The Lender argues that "it is undisputed that the technical requirements of notice were accomplished," and therefore, the trial court did not err in entering the default. We disagree.

3

As we have held previously, "it is obvious that the 'notice of application' provided by 1.500(b) would be purposeless unless given in sufficient time to permit some meaningful action to be taken upon it after its receipt." Cohen v. Barnett Bank of S. Fla., 433 So. 2d 1354, 1355 (Fla. 3d DCA 1983). In Cohen, we reversed a default and consequent judgments where the default order was entered two days after the application for default was served by mail. Id. Citing the five-day mailing period under Florida Rule of Civil Procedure 1.090(e), we acknowledged that "[s]ince the two day period in the notice given by the bank was less than that, and was patently insufficient even without reference to the rule, it is plain that the plaintiff did not comply with Fla. R. Civ. P. 1.500(b)." Cohen, 433 So. 2d at 1355 (emphasis added).

Here, the time elapsed between the service and filing of the application for default and the entry of the default was roughly two-and-a-half hours, strikingly less than the already "patently insufficient" time period in Cohen. Accordingly, it was error for the trial court to enter the default against the Borrower. We therefore reverse the order of default and consequent judgment, and remand for further proceedings.

Reversed and remanded.