LOGUE, J.
Borrower, Marie Beckell, appeals the entry of a final judgment of mortgage foreclosure in favor of the lender, Bank of New York Mellon. The sole issue on appeal is whether it was proper to enter judicial default against Ms. Beckell. Because Ms. Beckell filed documents in the underlying action but was deprived of a meaningful amount of time to respond to the application for default, we reverse.
Background
On May 25, 2012, the Bank filed a foreclosure complaint against Ms. Beckell, to which she filed a pro se answer in response. Subsequently, the Bank filed an amended complaint naming another alleged property owner as an additional defendant. Ms. Beckell did not amend her answer or otherwise respond. At 4:33 p.m. on December 8, 2015, the Bank moved for default against Ms. Beckell. The following day, the trial court granted the Bank's motion and entered judicial default against Ms. Beckell for failure to serve a responsive pleading to the amended complaint. Ms. Beckell was included on the certificate of service for both the motion and order. Subsequently, counsel appeared for Ms. Beckell, and twice moved to vacate the default. Notwithstanding, the case went to a bench trial with a default judgment entered against Ms. Beckell. Following trial, final judgment was entered against Ms. Beckell. This appeal followed.
Analysis
Under Florida law, "[i]t is fundamental that when a party against whom affirmative relief is sought has appeared in an action by filing or serving papers, that party shall be served with notice of the application for default as required by Florida Rule of Civil Procedure 1.500(b)."
*247 Yellow Jacket Marina, Inc. v. Paletti, 670 So. 2d 170, 171 (Fla. 1st DCA 1996). Rule 1.500(b) authorizes entry of default against a party who failed to defend itself, but requires notice be given to a party that filed or served any document:
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any document in the action, that party must be served with notice of the application for default.
Fla. R. Civ. Pro. 1.500(b).
We recently reversed entry of default under circumstances similar to those in the case at bar. In Falcon v. Wilmington Savings Fund Society, FSB, 258 So. 3d 565 (Fla. 3d DCA 2018), the borrower filed documents in the action, but failed to respond to the complaint. Id. at 566. The lender moved for default and served the borrower. Id. Two-and-a-half hours later, the trial court entered default against the borrower. Id. We explained that the " 'notice of application' [requirement] ... would be purposeless unless given in sufficient time to permit some meaningful action to be taken upon it after its receipt." Id. (citing Cohen v. Barnett Bank of S. Fla., 433 So. 2d 1354, 1355 (Fla. 3d DCA 1983) ). As a result, we held that two-and-a-half hours between service of the application and entry of the default was less than "patently insufficient" to satisfy the notice requirement. Falcon, 258 So. 3d at 567.
In so doing, we relied on our decision in Cohen. There, the borrower filed documents in the action, but failed to respond to the complaint. Cohen, 433 So. 2d at 1354. The lender moved for default and served the borrower. Id. at 1355. The court entered default two days after the motion was served. Id. We reversed "because sufficient notice of the default application was not given the defendant." Id. We concluded that two days' time was insufficient and explained that Rule 1.500(b) :
must be deemed to include [the notice] requirement. Under Fla. R. Civ. P. 1.090(e), five days must be added to the time in which responsive action is permitted or required when, as here, service is made by mail. Since the two day period in the notice given by the bank was less than that, and was patently insufficient even without reference to the rule ... the default and the consequent judgments it secured must be set aside.
Cohen, 433 So. 2d at 1355 (citations omitted).
The case at bar falls squarely within time periods deemed insufficient to comply with the notice requirement by this Court in Falcon and Cohen. Here, default was entered not more than twenty-four hours after the Bank filed its application. Because Ms. Beckell was deprived of a meaningful amount of time to respond to the application, she was not given sufficient notice under the rule. Accordingly, it was error to enter default against Ms. Beckell. We therefore reverse the order of default and final judgment of foreclosure as to Ms. Beckell, and remand for further proceedings.
Reversed and remanded.